## Perkins, Mayor, et al. v. Spicer.

(Decided May 1, 1928.)

### Appeal from Harlan Circuit Court.

1.  Municipal Corporations.—Refusal of building permit on ground that building would obstruct space under bridge and endanger latter in time of high water held not justified, in view of uncontroverted evidence to contrary, even if fire zone ordinance carrying into effect provisions of Ky. Stats., sec. 3490, subsec. 16, were broad enough to authorize refusal of permit on such ground.

2.  Mandamus.—Where proposed building complied with requirements of fire prevention ordinance, passed to carry into effect provisions of Ky. Stats., sec. 3490, subsec. 16, city council was without discretion to refuse building permit, and mandamus will lie to compel its issuance, under Civil Code of Practice, sec. 477.

LEE & SNYDER for appellants.

C. B. SPICER in pro. per.

Opinion of the Court by Commissioner Sandidge—
Affirming.

Appellee, C. B. Spicer, desired to erect a building
on a lot owned by him in the city of Harlan. He applied
to the mayor and city council for a permit so to do.

The permit was denied; and appellee thereupon filed
a petition in the Harlan circuit court setting up his
grounds and served notice upon appellants that at a fixed
time he would move the court for a writ of mandamus
to compel them to issue to him the permit. Issue was
joined by appellants, and upon the hearing at the time
fixed the chancellor concluded that appellee was entitled
to the relief sought, and entered a judgment commanding
appellants, the mayor and members of the city council
of the city of Harlan, to issue the permit to appellee.
The appeal is prosecuted from that judgment.

It appears that the city council of Harlan has en-
acted an ordinance designed to protect the city from fire
hazards. A fire zone has been designated within which
buildings may be erected only when constructed of ma-
terials authorized by fire ordinance. The ordinance in
question is not defective in the particular that the courts
frequently have found to be fatal. It does not leave to
the arbitrary caprice of the mayor and city council the
question whether the proposed building will be a fire
hazard; but it sets a standard by which all applications
for building permits shall be determined. The evidence
herein establishes without contradiction that the building
proposed to be erected in this instance complies in all
particulars with the ordinance in question. The appel-
lants have made no showing whatever that the refusal
of the permit to appellee was justified upon the ground
that the building proposed to be erected was forbidden
by the ordinance regulating this question.

Appellee's lot runs parallel with a concrete bridge
which crosses Clover fork of Cumberland river within
the city limits of the city of Harlan. The front of the lot
is about even with one end of the bridge. As the lot runs
back toward the stream over which the bridge has been
constructed the level of the land declines. The reason
actuating the board in declining the permit appears to
be its conclusion that the construction of this building
will obstruct the space under the bridge and in times of
high water endanger the bridge. A consideration of the
ordinance creating a fire zone and carrying into effect

the provisions of subsection 16 of section 3490, Kentucky Statutes, discloses that the city council is not given authority to withhold a permit for the erection of a building because where it is proposed to be erected it may interfere with the flow of the water of any of the streams within the municipality. If, however, the ordinance were broad enough to authorize the city council for this reason to refuse a permit the evidence herein discloses beyond controversy that the building proposed to be erected by appellee will be built upon re-enforced concrete piers; that the walls will be erected on steel girders placed upon top of the piers; and that the floor of the building will be above the floor level of the bridge in question. The testimony of appellee, the architect who designed his building, and two graduate civil engineers is all to the effect that the building proposed to be erected will not in any way or to any degree obstruct the space beneath the bridge for the flow of the stream; and there is no testimony to the contrary.

The case is such that clearly under the law it was the duty of the mayor and city council to grant appellee the permit to construct the building. Where the proposed building complied with the requirements of the fire prevention ordinance the city council was without discretion to refuse the permit, and mandamus will lie to compel its issuance. The writ of mandamus is defined by section 477, Civil Code, to be ''an order of a court of competent and original jurisdiction commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law.'' The law enjoined upon appellants the duty of granting to appellee a permit to erect the building which he proposes to erect under the facts appearing herein, and, having arbitrarily refused to do so, mandamus will lie to compel the action.

There being no error in the judgment appealed from, it will be affirmed.

Judgment affirmed.