# Dunn v. Central City et al.

Feb. 21, 1941.

Otto C. Martin and J. M. Ferguson for appellant.

T. E. Sparks for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

This opinion deals with the Alcoholic Control Act which may be found in Baldwin's 1939 Supplement to the Kentucky Statutes, Section 2554b-97 et. seq. All subsections concerning this Act are found under Section 2554b, hence we will refer in the opinion only to the subsections.

After due advertisement as required by subsection 133, the appellant, Ray T. Dunn, made application to the Administrator of Distilled Spirits Unit in due form as required by subsection 131 for a license to operate a retail package liquor dispensary at 126 North First Street in Central City. This license was granted Dunn and thereafter he made written application to the common council of Central City for a city license to retail

liquor at this address, which application was refused by the council. Dunn made his second application to the city council for such license and upon again being refused, he instituted this action in the Muhlenberg Circuit Court against the city, its mayor, clerk and common council, asking that the council be mandatorily enjoined to grant him the license and that the mayor and clerk be required to issue same.

In addition to the facts just stated, the petition alleged that Dunn had fully complied with all the statutory requirements to entitle him to such a license. The city filed a special and a general demurrer to the petition, both of which were overruled; whereupon by agreement the petition was controverted of record and the cause was heard by the chancellor. Proof was introduced showing Dunn measured up to the requirements imposed by subsection 154 on a licensee to sell liquor; that Central City was a fourth class city and that local option was not in force in Muhlenberg County; that there were four liquor dispensaries within the city and the members of the city council had agreed they would not increase the number (although no city ordinance had been enacted to that effect); that the location Dunn desired to use for his liquor establishment was not in a prohibited zone. It was stipulated no County Alcoholic Beverage Administrator had been appointed for Muhlenberg County. As Central City is a fourth class city there could be no City Alcoholic Beverage Administrator as subsection 111 limits such official to cities of first, second and third classes.

The chancellor refused the motion for a mandatory injunction, dismissed the petition and Dunn appeals. He contends that since he had obtained the required license from the Administrator of Distilled Spirits Unit, and as the city had issued licenses to other such dealers, it had no discretion in the matter and could not refuse to issue him a license when he showed he met the requirements imposed on licensees for the sale of liquor by subsection 154. We are not favored with a brief on behalf of the city and do not know the position taken by it in refusing Dunn a license, other than appellant's brief states that the members of the city council had tentatively agreed they would not license more than four dispensaries within the city.

The General Assembly of the Commonwealth at its

regular 1938 session passed what is known as the "Alcoholic Beverage Control Act" which is now Section 2554b-97 et seq., of the Kentucky Statutes, Baldwin's 1939 Supplement. It is a comprehensive act and provides for the control and regulation by state, county and municipal authorities of all branches of the liquor industry in the Commonwealth from its manufacture down to its sale by the drink. Subsections 114 and 129 limit the license to sell by the drink to be consumed on the premises to persons whose establishments are located within the corporate limits of cities of the first, second and third class, or elsewhere in counties containing such cities, providing such counties maintain an adequate police force under the provisions of Sections 3780 to 3786 Kentucky Statutes, 1936 edition. Subsection 110 provides that in each county in which alcoholic beverages may lawfully be sold "wherein it is determined by resolution of the Fiscal Court that the regulation by the county of the traffic in alcoholic beverages therein is necessary, the county judge shall constitute a County Alcoholic Beverage Administrator for said county." Should the county judge be disqualified the judge of the circuit court of the county shall appoint some person possessing the statutory qualifications to the position. Subsection 111 provides that a City Alcoholic Beverage Administrator may be created by the legislative body of any city of the first, second or third class in which the traffic of alcohol beverage is permitted. As Central City is a fourth class city, we must look to Subsection 110 as governing the issuing of local licenses in the absence of a city ordinance controlling same. That part of subsection 110 pertinent to the question before us reads:

"The functions, powers and duties of each County Administrator shall be the same, with respect to local licenses and regulations, as the functions, powers and duties of State Alcoholic Beverage Control Board, with respect to State licenses and regulations, except that no rule or regulation adopted by any County Administrator may be less stringent than the provisions set up in this Act or than those set up in the rules and regulations of the State Board, and no rule or regulation of a County Administrator shall become effective until approved by the State Board. * * * If any city within any county shall appoint its own Alcohol Adminis-

trator (as provided for in subsection 111), the County Administrator in such county shall have jurisdiction over only that portion of the county which lies without the corporate limits of such city. In no event shall any person be eligible to apply to the State Board for any state license provided for under this Act until he shall have applied to his County Administrator, if he is subject to the jurisdiction of any County Administrator, and shall have obtained approval of his application for the county license, if in said county a county license is required. Appeals from the orders of each County Administrator may be taken by any party aggrieved to the State Alcoholic Control Board * * *''.

As Central City does not come within the class permitting its council to create a City Administrator it must depend upon a County Administrator (in the absence of any ordinance relative to the regulation of the manufacture, sale and transportation of alcoholic beverages as provided in subsection 139) with respect to local licenses and regulations. Where there is a County Administrator an appeal from his order must be taken by the aggrieved party to the State Alcoholic Control Board as is provided in Subsection 110, and Subsection 147 provides for an appeal from orders of the State Board to the Franklin Circuit Court. Martin v. City of Danville, 275 Ky. 142, 120 S. W. (2d) 761. There being no County Administrator in Muhlenberg County, Dunn's remedy was through the courts and not by an appeal to the State Board.

Central City has an ordinance licensing the retail sale of liquor by the package in conformity with Subsection 114 of the statute under consideration, which ordinance does not limit the number of such liquor dispensaries which may be located within the city, and the ordinance zones the location of such dispensaries only as is done by subsection 177. Dunn proved the location of the building wherein he had applied to sell liquor was not within the restricted zone; that he met the requirements imposed by Subsection 154 on a seller of liquor, and as he thus met the requirements of the city ordinance and the state statutes, the city could not arbitrarily refuse him a license. Smith v. Selligman, 270 Ky. 69, 109 S. W. (2d) 14; Slaughter v. Post, 214 Ky. 175, 282 S. W. 1091; Galanty & Alper v. City of Maysville,

176 Ky. 523, 196 S. W. 169; Perkins v. Spicer, 224 Ky. 257, 6 S. W. (2d) 243. We are not called upon to decide whether or not the city council in absence of a duly appointed County Administrator could by ordinance control the number of liquor dispensaries to be operated within the confines of its boundary to a reasonable number; but if it be conceded arguendo that such power exists, clearly until the city has regulated the number of such dispensaries by ordinance it cannot refuse to grant a license to any applicant who conforms in all respects to the city's present ordinances where such applicant has obtained permission from the State Board to engage in such business. However, that part of the city ordinance permitting a sale by the drink contravenes subsections 114 and 129 of the statute under discussion which forbid the sale of intoxicants by the drink in other than cities of the first, second and third class. Hence that part of the city ordinance is void.

The judgment is reversed with directions to the chancellor to enter a judgment mandatorily enjoining the city council to issue appellant a license to sell liquor at retail by the package.