# Alcoholic Beverage Control Board et al. v. Hall.

May 5, 1944.

R. P. Moloney for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, O. L. Hall, in the latter part of 1943 made application to the Judge of Fayette County for license to operate a liquor dispensary at Donerail, a small station and village in the northern part of Fayette County some four or five hundred feet from the Scott County line, the latter county having theretofore voted local option which had been put into effect. The character of business proposed to be conducted by appellee was selling liquor by the package not to be consumed on the premises.

It is conceded by counsel for appellant, and which is sustained by the record, that every legal step necessary to obtain such license was strictly complied with by appellee, and it is likewise conceded and uncontradictedly shown in the record that no obstruction existed

preventing the issuing of such license to him, since his good character in all respects was thoroughly shown. Nevertheless, the county administrator rejected the application from which appellee prosecuted, in strict compliance with the statute, an appeal from the county administrator's rejection of the license to the State Alcoholic Beverage Control Board where a hearing was had before it on December 6, 1943. At that hearing the testimony of witnesses was taken which was transcribed by the stenographer and made a part of the record. The Board likewise rejected the application and refused to issue to appellee the license applied for. From that order he appealed to the Franklin circuit court as is provided by the applicable statute, wherein the record as made at the trial before the Board was filed, including the transcript of evidence heard before it. The trial of the appeal in the circuit court is a de novo one by the statute, but to be tried only on the record made at the hearing before the Board, from which the appeal is taken to the Franklin circuit court. It reviewed the orders of the Board, as well as the one made by the county administrator, and directed "that a Retail Package Liquor License be granted" to appellee and "the Alcoholic Beverage Control Board is hereby ordered and directed to issue to O. L. Hall the Retail Package Liquor License applied for by him."

The court also found as facts in the case that Hall had complied with every requirement of all statutes relating to the issuing of such licenses and that he "is qualified to receive a license." Neither of the findings that appellee had complied with all requirements of the statute, and that he was personally qualified to receive the license, is contested by appellant, but expressly admitted. It is also shown without contradiction that the county of Fayette, outside of Lexington (a second class city), was properly patrolled by a sufficient number of patrolmen, nor did it appear that any regulatory measure limiting the number of such enterprises within the county, or any portion thereof, had ever been made. The witnesses who testified against the issuing of the license based their objections thereto solely upon these four grounds: (1) They were unalterably opposed to the traffic in liquor; (2) that the location of such an establishment in the vicinity would operate to decrease the value of their property, which was based entirely on their unsupported opinion; (3) that it would contamin-

ate the morals of the young people of the vicinity for such an enterprise to be located in that community, and (4) that there was such an establishment already operating (and which was the nearest one) located in the city of Lexington seven and one-half miles distant from Donerail and that the trip could be made by rail over the Southern Railway from Donerail to Lexington within fifteen or twenty minutes and by motor vehicle within the same time, thus affording the surrounding population of Donerail reasonable opportunities to obtain the product to be sold under the license applied for.

In disposing of these objections, without discussing them seriatim, we call attention to what we consider the only applicable statutes governing the Alcoholic Beverage Control Board in determining its authority. Section 243.230 of KRS prescribes when such licenses may be issued, and its subsection (2) says:

"Licenses to sell distilled spirits or wine by the package may be issued only for premises located within incorporated cities, or elsewhere in counties containing a city of the first, second or third class if those counties maintain an adequate police force under KRS 70.510 to 70.530 or KRS 70.150 to 70.170."

The next subsection, (3), is in these words:

"Notwithstanding subsection (2), the board may, after a field investigation, issue a license to sell distilled spirits and wine by the package at premises not located within any city if:

"(a) Substantial aggregations of population could otherwise not have reasonable access to a licensed vendor; * * *."

The argument of counsel for appellant is, that the orders of the county administrator, and of the State Alcoholic Beverage Control Board, must have concluded (no reason being given) that the population in the community of Donerail had a "reasonable access to a licensed vendor," the nearest one being Lexington, seven or eight miles distant, and for that reason the application of Hall was rejected. It must be conceded that such a conclusion was and is the only possible one upon which such a conclusion could have been reached by the administrator and the Board. However, if that was the basis of the two rejections we are not inclined to accept

it as a justifiable one. It imposes and requires enforced traveling a distance of seven or eight miles and return under present hampered conditions, even if the trip were made by the contemplated purchaser with his own vehicle. The entire time in making the trip, plus that necessary to make the purchase after arriving at the distributor's location, would require each purchaser to lose practically an hour's time if no interruptions occurred, and at least more than one-half of a week's allowance of gasoline (if made in his own vehicle) under present rationing, which will no doubt continue throughout the duration of the war and possibly longer. We do not think it was within the contemplation of the law, as embodied in the statute, to impose such burdens on the purchaser of the article dealt with, and it is our conclusion that a contrary interpretation is fantastical and arbitrary. Such was the conclusion of the judge of the Franklin circuit court, the authority of which is limited by subsection (2) of section 243.570 of KRS in this language:

"* * * Its (circuit court) review shall be limited to determining whether or not:

"(a) The board acted without or in excess of its powers;

"(b) The order appealed from was procured by fraud;

"(c) If questions of fact are in issue, whether or not any substantial evidence supports the order appealed from."

We conclude that of the three subdivisions, (a), (b), and (c), the latter, (c), is the only one applicable to the facts of this case. It is argued by learned counsel for appellant that there was substantial evidence to support its rejection order and, therefore, the court erroneously concluded otherwise. However, we have pointed out that the order was based only upon factual classification (a) of subsection (3) of KRS 243.230, inserted supra. Our conclusion as heretofore expressed is that fact (a) is not sustained by the proof as contemplated by the statute and that to hold otherwise would be a practical authorization for the county administrator (the Alcoholic Beverage Control Board approving) to establish local option communities without limiting the territory to any political unit authorized to hold local

opton elections, whensoever such agencies concluded that there was no necessity for a dispensary at the particular locality for which a license application is made. It is no doubt true that under the police power the state · may, through delegated. agencies, vest wide discretion and regulatory authority in them concerning .the traffic in alcoholic liquors, but such discretion may not be extended so as to infringe upon section (2) of our Constitution, which says: ''Absolute and arbitrary power over the lives, liberty and property of free men exist nowhere in a republic, not even in the largest majority.'' All text writers to which we have had access deny the exercise of arbitrary power in the regulation and control of alcoholic liquors, and which we approved in the case of Dunn v. Central City, 285 Ky. 482, 148 S. W. (2d) 347. The testimony concerning the moral effect locally of the dispensary applied for—as well as its tendency to reduce the value of property in the locality—is largely speculative; but even so, we do not find statutory authority for such facts to have controlling effect in granting properly applied for license to a properly equipped person.

Our conclusion therefore is that the judgment of the Franklin circuit court was and is correct, and it is affirmed.