# Alcoholic Beverage Control Board et al. v. Pebbleford Distillers, Inc.

### Jan. 15, 1946.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellant.

John K. Skaggs, and Stoll, Muir, Townsend, Park & Mohney for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

The Alcoholic Beverage Control Board, herein referred to as the Board, entered an order of July 29, 1945, denying Pebbleford Distillers, Inc., herein referred to as applicant, a renewal of its distiller's license during the year ending June 30, 1946. Applicant took an appeal to Franklin Circuit Court, and from a judgment of that court ordering the Board to issue the renewal license, this appeal is prosecuted by the Board.

Applicant was formed in July, 1944, and it is wholly owned by another company called Pebbleford Distilling Company, which will be referred to as parent company. One Robert Gould owns half the stock and Samuel Friedman and Stewart Friedman jointly own the other half of the stock in parent company, thus making these three men owners, in effect, of applicant.

Robert Gould, one-half owner of parent company

and in effect one-half owner of applicant, was convicted in federal court of violating OPA regulations in respect to whiskey sales while operating his individual whiskey brokerage business with offices in Cincinnati. He has appealed from that conviction.

Stewart Friedman is president of applicant. He and the parent company were both indicted in federal court for violating OPA regulations and prices. There was a mistrial. Later and subsequent to the Board's order refusing to renew this license, both Friedman and parent company were again tried and thereupon acquitted.

The basis of the Board's refusal to renew applicant's license lies in the exercise of the discretionary power given the Board's administrator under KRS 243.450 and KRS 243.490. These statutory provisions grant the Board or its administrator the right to revoke a license for violation of a federal law or any regulation of a federal agency, and likewise they give the Board the right to refuse a license if a ground of revocation exists and also the right to refuse a license for any reason deemed sufficient in the exercise of sound discretion.

Since applicant's president and since parent company have now both been acquitted of the charge of violating OPA prices and regulations, the only cloud now remaining over applicant's head is the trial and conviction, now in process of appeal, of its one-half owner, Robert Gould, on charges of violating OPA prices and regulations, said Robert Gould, as previously stated, being technically not the one-half owner of applicant but being, in effect, its one-half owner by reason of his one-half ownership of parent company.

It appears that the law making authority of this Commonwealth has vested authority in its Alcoholic Beverage Control Board to do just what the Board did do in this case, viz., refuse to renew a distiller's license upon grounds it deemed sufficient. But this authority is necessarily to be exercised upon a basis of sound discretion rather than upon some arbitrary whim of the Board. KRS 243.450 and KRS 243.490.

The court is confronted with the question of whether the Board acted within a sound discretion in charging misconduct, clearly sufficient for denial of a license re-

newal, against applicant when such misconduct was committed by Robert Gould, technically not the applicant but truly the master of applicant by reason of his one-half stock ownership in applicant's parent company.

Applicant ably argues that Gould is not the applicant and that Gould himself is not finally convicted because of the pendency of his appeal.

It is true that an ordinary minority stockholder of a corporation is not the corporation. But it is equally true we think that to all practical intents and purposes a fifty per cent stock owning individual in a corporation is that corporation. In Provident Stores' Receiver v. Tanner, 226 Ky. 364, 10 S. W. 2d 1077, 1078, in charging a corporation with the misconduct of its majority stockholder we said:

"Cranwell was in fact the corporation. No one else had any real interest in it when it was incorporated, and it does not appear that the nominal directors ever took any real control of the business."

As we look at applicant's corporate structure, we are constrained to conclude that Gould, even though he did not exercise his latent power of control, was in fact the corporation, or at least one-half the corporation.

In determining the liability of the corporation, the court will look at the substance, and not the mere form. This is a practical age in which we live and facts are regarded more than fiction, and courts recognize things as they are and not as they appear when clothed in a disguised garb. Com. v. Southern Ry. Co., 193 Ky. 474, 237 S. W. 11. Recognizing the situation in the present case just as it is and not as it may appear in the disguised garb of corporate structure, we gaze through the shadow and shell of corporate garb and look upon applicant as one-half Gould, who now stands adjudged a law violator in federal court.

While applicant sustains its contention that Gould's position is not that of one convicted so long as his case is in process of appeal, yet the statutory authority for refusal of a distiller's license does not rest upon the necessity of a final conviction. The statute in question uses the word "violation," and we deem Gould is an ostensible violator for statutory purposes as long as his case remains in the federal courts. Even if Gould

were not a violator nor a convicted person in a technical sense, the Board had the power to refuse this license renewal for any reason whatever it deemed sufficient so long as it used sound discretion. The Board appears to have used a sound discretion in refusing to renew a license to an applicant, whose corporate owner and master was one-half owned by an individual standing under judgment of federal court for law violation.

The judgment is reversed for further proceedings consistent herewith.