K. WHISKEY STORE, Inc. et al.,
Appellants,

v.

Guy C. SHEARER, Chairman, et al. (Members of A. B. C. Board of Ky.),
Appellees.

Court of Appeals of Kentucky.

March 11, 1955.

Funk, Chancellor & Marshall, Chat Chancellor, Frankfort, for appellants.

J. D. Buckman, Jr., Atty. Gen., Earle V. Powell, Asst. Atty. Gen., Rouse & Rehm, Paul Rehm, Versailles, for appellees.

SIMS, Justice.

This appeal is from the judgment of the Franklin Circuit Court refusing to disturb a final order of the Alcoholic Beverage

Control Board (hereinafter referred to as the Board) in granting a liquor license to G. and L. Liquor Company (hereinafter referred to as G. & L.) and refusing to grant such license to K. Whiskey Store, Incorporated (hereinafter referred to as K.). At the outset attention is called to the fact that G. & L. was formerly Tiny Liquor, Incorporated, and throughout the opinion we will refer to the company as G. & L., which was not made a party to this appeal. It has moved to be allowed to intervene. Over the objection of K., we granted G. & L. the right to intervene as it is directly and vitally interested in the outcome of this appeal.

In 1949 the Board by order set the retail package liquor licenses in Woodford County at five, of which four should be issued in the town of Versailles. One vacancy in these licenses existed in Versailles and after due advertisement in a newspaper as required by KRS 243.360, K. and G. & L. each filed application with the Local Administrator for a state license to sell liquor by the package at retail at the addresses given in their respective applications. K. also made application for a retail beer license. K. filed its applications on June 10, 1954, and G. & L. filed its application on June 17, 1954. Hon. Matt T. Blackard, County Judge of Woodford County, was County Alcoholic Beverage Control Administrator, KRS 241.110, hereinafter referred to as Local Administrator, and he approved the applications of K. on June 10th.

In approving the applications of K., Judge Blackard thought he was giving his approval to applications for the renewal of liquor and beer retail licenses K. already had, and he did not discover his mistake until about thirty minutes after he had endorsed his approval thereon. He then informed Mr. Kay, who operated K. Whiskey Store, of this fact and asked him to give back the applications Judge Blackard had just approved. Mr. Kay refused, saying that the applications were on their way to Frankfort. Such action does not put Mr. Kay in a very favorable light before this

court and we imagine the Board and the trial court took a similar view of his conduct.

Judge Blackard immediately phoned the Board and told it he had approved the K. applications by mistake and the next day, June 11th he wrote Hon. Guy Shearer, Chairman of the Board, confirming his telephone conversation and asked that the Board strike his approval from the applications. Hon. D. L. Thornton, County Attorney of Woodford County, on June 21, wrote the Chairman of the Board saying he first thought K. was renewing its license but had discovered it was seeking a second license in Versailles. His letter stated there should be no increase in the number of liquor licenses in Woodford County and advised it would be bad policy to issue two of the four licenses in Versailles to K.

After a rather extensive hearing before the Board at which documentary evidence was introduced and oral testimony was heard on behalf of both K. and G. & L., the Board refused both applications of K. and ruled favorably on the application of G. & L. and granted it a retail package liquor license. The Board in a lengthy order referred to the order of the Local Administrator, which was forwarded to it and made a part of the record wherein that official set out his reason for not approving K.'s applications, which was that it was unfair and unjust to the four licensees in the small town of Versailles, to grant to one person or firm two liquor licenses.

■ Under KRS 243.570 the court in reviewing an order of the Board is limited to determining: 1. whether the Board acted without or in excess of its powers; 2. whether the order appealed from was procured by fraud; 3. if questions of fact are in issue, is there any substantial evidence to support the Board. It is axiomatic that the Board, being a creature of statute, has no jurisdiction beyond that conferred upon it by statute. 42 Am.Jur. "Public Administrative Law", § 109, p. 439 et seq.

■ There is no question of fraud raised. But K. insists the Board acted in excess of its powers in passing upon the question of who was entitled to this license before the Administrator of the Distilled Spirits Unit (hereinafter referred to as State Administrator) had first ruled thereon. True, KRS 243.380 refers to KRS 243.030 and says an application for a state liquor license must be made to the State Administrator. But KRS 243.370 provides one is ineligible to apply for such state license to sell intoxicating liquor in a town or county until he has been approved by the Local Administrator. And KRS 243.550 provides that hearings upon appeals from the order of the Local Administrator and of a State Administrator shall be held by the Board.

From these statutes it would appear that K. should have first let the State Administrator determine whether the Local Administrator had in fact approved its applications. The application of G. & L. technically speaking should have gone to the State Administrator after it had been approved by the Local Administrator. But Mr. Kay instead of forwarding his applications to the State Administrator sent them through his attorney direct to the Board, which set a date for the hearing on the applications of both K and G. & L. and notified all parties. We do not think a party can omit a step in the procedure and lead the Board into acting before the State Administrator has ruled on the question and then after he has lost on the hearing be heard to complain that the Board acted prematurely. Especially is this true when we remember that the State Administrator is himself made a member of the Board by KRS 241.030. The omitted step prejudiced neither party and the hearing finally would have had to be before the Board.

■ K. further insists that the Board had no authority to grant the license to G. & L. and there could have been no appeal by it to the Board under KRS 243.470. It is argued by K. the Board had no jurisdiction to act upon the application of G. & L. until same had been passed upon by the State Administrator. Again we call attention to the fact that the State Administrator is a member of the Board, and we think it was practical for the Board to dispose of the question of who was to get this license, K. or G. & L., in one hearing where both applicants could introduce proof.

We do not feel that the Board should be so hampered by technicalities and bound up in red tape as to prevent it from fairly and expeditiously conducting hearings and arriving at justice in matters coming before it. We cannot see that Dunn v. Central City, 285 Ky. 482, 148 S.W.2d 347, and Alcoholic Beverage Control Board v. Hall, 297 Ky. 432, 180 S.W.2d 293, relied on and cited by appellants, apply here as we are firmly of the opinion the Board did not act arbitrarily in refusing the licenses to K. or in giving a license to G. & L. Furthermore, the testimony of Judge Blackard sustains the Board in denying K.'s applications and granting the one filed by G. & L.

It is our conclusion that the judgment of the Franklin Circuit Court is correct in upholding the order of the Board.

■ Before closing this opinion we want to say that pending this appeal K. filed an independent action in the Franklin Circuit Court against the Board and its members seeking to temporarily enjoin it and them under KRS 243.580 from issuing a license to G. & L. until this appeal could be determined. The circuit court denied the motion, whereupon K. then moved this court under CR 65.11 for an order directing the Judge of the Franklin Circuit Court to issue the temporary injunction. This motion we passed to merits. Since we have affirmed the judgment of the circuit court in upholding the Board in giving a license to G. & L., the question of granting a temporary injunction under KRS 243.580 is now moot.

The judgment is affirmed.