Harold **MOBERLY**, Chairman of The
Alcoholic Beverage Control Board,
et al., Appellants,

v.

Charles N. **KING** et al., Appellees.

Court of Appeals of Kentucky.

March 16, 1962.

William Young, Robert Hines, Dept. of Alcohol Beverage Control, Frankfort, for appellants.

Rudy Yessin, Smith, Reed & Leary, Frankfort, for appellees.

CLAY, Commissioner.

Appellant Taylor, the proprietor of a restaurant in Frankfort, applied to the Alcoholic Beverage Control Board for a retail malt beverage license. It was protested by a number of neighbors. After a hearing prescribed by statute, the license was granted. Appellees, the protesting parties, appealed to the Franklin Circuit Court and the order of the Board was set aside. Taylor and the Board appeal.

The rights of the parties and the procedures are governed by Chapter 243 of the Kentucky Revised Statutes. KRS 243.450 specifies causes for which a license shall be refused. Subsection (2) thereof provides:

"A license that might be issued under KRS 243.020 to 243.670 *may be refused* by a state administrator for any reason which he, in the exercise of his sound discretion, may deem sufficient." (Our italics.)

The Board found the applicant Taylor had met the requirements of the law and that sufficient cause had not been shown why the license should not be granted.

At the hearing before the Board, conducted pursuant to KRS 243.550, appellees introduced substantial evidence that for aesthetic, moral, economic, and other reasons the sale of malt beverages at this location would be inimical to the best interests of the neighborhood. We may assume appellees made a showing sufficient to have justified the State Administrator in refusing the license under KRS 243.450(2) above quoted. However, there is nothing in the law which *requires* the Administrator to deny a license on these grounds. The trial court took the view that such a license should be refused if the Board fails to find that its issuance is in the public interest, and the contrary is shown, concluding that the granting of a license under these circumstances constitutes an abuse of discretion.

The statutory law contains no requirement that the issuance of the license be in the public interest, or that the Board shall consider such question, or make a finding with respect thereto. Under KRS 243.450 an applicant is entitled to a license if he has made proper application, has not violated any of the three conditions prescribed in that statute, and the State Administrator does not find a sufficient reason for *denying* the application. There is no provision that the Administrator must find a sufficient reason for *granting* the license. Compliance by the applicant with the statutory conditions is enough to authorize its issuance.

An appeal to the circuit court, allowed by KRS 243.560 to a "citizen feeling himself aggrieved" by an order of the Board granting a license, is to a certain extent illusory. It does not afford him any right to relief from such order on the ground that public interest considerations would have justified a refusal of the license by the Administrator. While the Administrator, acting under KRS 243.450(2), may refuse a license on this ground (which would furnish a basis for appeal by the applicant), there is nothing in the statute which directs or compels him to do so.

At the hearing before the Board appellees properly presented several objections to the use of the applicant's premises for the sale of malt beverages in an effort to persuade the Administrator to refuse the license. Beyond serving this purpose, their proof was without legal force. As observed in Alcoholic Beverage Control Board v. Hall, 297 Ky. 432, 180 S.W.2d 293, which involved substantially the same objections presented by appellees, they have no controlling effect upon the right of a qualified person to obtain a license properly applied for. Consequently appellees' proof created no right in them to contest, on appeal, the order of the Board.

KRS 243.570 prescribes a limited review in the circuit court from an order of the Board. No contention is made that the Board acted without or in excess of its powers, or the order was procured by fraud. The only other question the circuit court could properly consider was whether or not there was any substantial evidence to support the order "if questions of fact are in issue". Since the statutory law does not require the Board to determine whether or not the issuance of this license is desirable, or in the public interest, or contrary to the wishes of those in the neighborhood, no such issue of fact was before the Board. Consequently the nonexistent issue was not reviewable on appeal, and there was no ground upon which the circuit court could find an abuse of discretion. The judgment based on this finding was therefore erroneous.

Appellees contend that appellant Taylor's place of business violates a zoning ordinance of the City of Frankfort. This question was apparently not considered, and certainly not resolved, by the circuit court in its findings or judgment. We cannot comprehend how it has any relevancy to the present proceeding and appellees do not enlighten us in their brief.

The judgment is reversed with directions to enter a judgment sustaining the order of the Alcoholic Beverage Control Board.