**ALCOHOLIC BEVERAGE CONTROL
BOARD of the Commonwealth of
Kentucky et al., Appellants,**

**v.**

**V. W. WOOSLEY, Appellee.**

Court of Appeals of Kentucky.

Jan. 25, 1963.

Rehearing Denied May 17, 1963.

Frank M. Dailey, Frankfort, for appellants.

D. Paul Alagia, Jr., Brown & Alagia, Louisville, Milburn C. Keith, Hopkinsville, for appellee.

CLAY, Commissioner.

Appellee applied to the Alcoholic Beverage Control Board for retail beer and package liquor licenses covering premises in Christian County just outside of Hopkinsville. He complied with the statutes and the regulations of the Board which would qualify him for such licenses.

The Malt Beverage and Distilled Spirits Administrators declined to approve his application after a protest was filed by interested citizens. (See KRS 243.380). Appellee thereupon appealed to the Board under KRS 243.470. Two hearings were held at which evidence was introduced. The Board rejected the application under the authority of KRS 243.450(2), which provides that a license that might otherwise be issued may be refused by a state administrator "for *any reason* which he, in the exercise of his sound discretion, *may deem sufficient*". (Our emphasis.)

The basis of the Board's rejection of the application was a finding, among other things, that the premises to be licensed were within a short distance of two churches (although not within 200 feet of either) ; were near a county high school, a school bus exchange stop, an ice cream bar frequented by teen-agers, a proposed city park and recreational area; and were in the vicinity of two other liquor outlets which adequately served the immediate area.

On appeal to the circuit court under KRS 243.560, the Board's order was set aside on the ground it had *exceeded its authority* because the facts found by it did not afford a basis for rejecting the application. (See KRS 243.570) This ruling denied the right of the state administrator (or Board) to reject an application except upon some specific ground of disqualification prescribed by statute or an authorized regulation promulgated thereunder.

Although this decision clearly annulled section (2) of KRS 243.450, the applicant did not contend in the circuit court, nor does he contend here, that the statute is unconstitutional. (The problem of the unconstitutional delegation of powers to an administrative agency by the legislature when it fails to prescribe definite "standards" has recently been considered at length in Butler v. United Cerebral Palsy of Northern Kentucky, Inc., Ky., 352 S.W.2d 203.) The only issue presented on this appeal is whether the facts found by the Board constitute a legally sufficient basis for the exercise of discretion in denying the licenses.

■ The manufacture and sale of alcoholic beverages is a commercial activity which by nature requires extensive administrative supervision. The "liquor business" has long been recognized as being in a class by itself, subject to strict regulation and broader discretionary administrative control than other lawful occupations. Kentucky Alcoholic Beverage Control Board v. Klein, 301 Ky. 757, 192 S.W.2d 735 (and cases cited therein).

■ In the protection of the public interest the legislature has delegated to the Alcoholic Beverage Control Board special powers to regulate this industry in the light of variable local factors. (See KRS 241.060) The authority of the Board to fix quotas under KRS 241.060(2) in its sound discretion, even though no conditions or considerations to be taken into account in performing this task have been prescribed, has been upheld in the Klein case, just above cited. Similarly the legislature has, under KRS 243.450(2), expressed a clear intent to leave to the reasonable judgment of the state administrator (who we must assume is an expert in the field of alcoholic beverage control) not only the determination of the propriety of granting a particular license but the determination of what material factors are important in reaching this decision. See Moberly v. King, Ky., 355 S.W.2d 309.

■ With respect to retail distribution outlets, the legislature has specifically prescribed certain conditions of eligibility to obtain a license. If any such disqualifications exist, the state administrator has no authority to issue a license. On the other hand, the legislature has, by the enactment of KRS 243.450(2), taken cognizance of a twilight zone within which the administrative agency must determine if any particular license should be granted when substantial reasons exist why its issuance would not be in the public interest. While sec-

tion (2) of KRS 243.450 is extremely broad, it requires the exercise of a sound discretion and neither the administrator nor the Board may arbitrarily reject an application. Alcoholic Beverage Control Board v. Pebbleford Distillers, 302 Ky. 96, 193 S.W.2d 1019.

The absolute necessity for the exercise of discretion may be illustrated by the following example: Suppose a quota of 10 retail package liquor licenses is fixed for a given county, and 20 persons apply for such a license. All are fully qualified and meet all statutory and regulatory requirements. It is impossible to issue 20 licenses. The administrator must therefore decide between applicants, and in doing so his exercise of discretion must be based upon factors other than those set forth in the statutes.

The fact that a quota has not been filled does not restrict the discretionary power granted the administrator by the legislature. Reasonable and proper distribution of retail outlets within a given area is a material consideration in protecting the public interest. See KRS 243.230(3), and Kentucky Alcoholic Beverage Control Board v. Klein, 301 Ky. 757, 192 S.W.2d 735. The findings in the case before us were principally based upon substantial objections to the location of the applicant's premises. We cannot say the administrator (or the Board) acted arbitrarily when the application was rejected after consideration of the aggregate objectionable features found to exist.

The applicant contends the facts found by the Board were either not material or not supported by substantial evidence. With respect to materiality, he relies heavily on Alcoholic Beverage Control Board v. Hall, 297 Ky. 432, 180 S.W.2d 293. That case is not authoritative on this point because an entirely different and dissimilar statute was involved. With respect to substantial evidence to support the findings, the circuit court specifically declined

to pass upon this question, but our review of the evidence convinces us that the principal findings were amply supported.

We realize that without statutory standards the exercise of administrative discretion may be abused. On the other hand, the legislature has not seen fit, nor is it required, to recognize a vested right in everyone to operate a liquor store. Looking at practicalities, neither the legislature nor the courts can effectively administer the details of the alcoholic beverage business. While the system is far from a perfect one, the licensing of liquor stores must be left largely to an expert administrator or an administrative agency. The courts will not countenance, and will give relief from, arbitrary action by such administrator. We do not find such on the record before us, and the administrator (or the Board) did not act in excess of his (or its) power.

The judgment is reversed.