**Harold MOBERLY et al., Appellants,**

**v.**

**Roy BRUNER, Appellee.**

Court of Appeals of Kentucky.

Sept. 25, 1964.

Frank M. Dailey, Frankfort, for appellants.

Harry F. Malone, Louisville, for appellee.

STEWART, Judge.

Appellee, Roy Bruner, applied for a retail beer license for premises situated in Jefferson County. The Jefferson County administrator approved the issuance of the license, after a hearing on a protest to the application. When appellee filed his application with the state administrator of the malt beverage unit, the protestants, composed of property owners in the vicinity and the pastor and members of a church located near the premises, again entered their protest, and the granting of the license was refused. This ruling was carried before the Alcoholic Beverage Control Board, whose members are appellants herein. The Board held a hearing and also denied the application.

The Board recites these findings of fact upon which its ruling is based: (1) That as the proposed beer outlet is at the southwest corner of Parkwood Drive and Manslick Road, and as the latter road is heavily traveled, allowing beer to be sold at that site would increase parking thereat and tend to increase traffic congestion and produce additional hazards in the intersection. (2) That as five school buses stop at the intersection twice daily and on some evenings, during the week, to load and unload children, and as over 100 children each day get aboard and alight from these buses, if the sale of beer should be permitted near the place where these children gather they would be exposed to a detrimental influence. (3) That as the place for which the permit to sell beer is sought would be in the midst of a residential section and also within 250 feet of a church, and as a great number of the residents and the church members and their pastor are vigorously protesting its establishment, the license should not be granted in the face of such opposition. (4) That as beer is now obtainable at two shopping centers which are close by, no necessity exists to create another beer outlet in the area.

Appellee then appealed to the Franklin Circuit Court, which held that the Board

"exceeded its authority in denying the license" and directed that its order be set aside and that it grant the license applied for.

On this appeal the Board argues that the facts determined by it constitute a sufficient basis for the exercise of its discretion in denying the license to appellee. KRS 243.450(2) states that such a license "may be refused by a state administrator for any reason which he, in the exercise of his sound discretion, may deem sufficient."

Relying upon Moberly v. King, Ky., 355 S.W.2d 309, appellee takes the position that the findings of the Board should have no controlling effect upon the right of a qualified person to obtain a license applied for in a legal manner. He asserts the King case held the Board need not consider whether the issuance of a retail malt beverage license will be in the public interest or make findings in respect thereto, but that compliance with the statutory conditions is enough to authorize its issuance. As he measures up to the tests laid down in the King case, where similar contentions were raised to the issuance of a license, he claims the proof of the protestants that damage or danger of the type described might result to their neighborhood created no right in them to contest his application. Furthermore, he argues that those who oppose the granting of the license base their protest upon events which they believe might occur if he obtains his permit to sell beer; and that such opinionated evidence does not afford a valid reason for refusing his application.

■ In the recent case of Alcoholic Control Board, etc. v. Woosley, Ky., 367 S.W.2d 127, 128, this Court took the stand, and it presently adheres to the principle, that the Board, within the purview of KRS 243.450(2), can refuse to grant a license if it finds that the allowance of intoxicants to be sold at a particular place would adversely affect the public interest. The opinion in that case said (p. 28): "With respect to retail distribution outlets, the legislature has specifically prescribed certain conditions of eligibility to obtain a license. If any such disqualifications exist, the state administrator has no authority to issue a license. On the other hand, the legislature has, by the enactment of KRS 243.450(2), taken cognizance of a twilight zone within which the administrative agency must determine if any particular license should be granted when substantial reasons exist why its issuance would not be in the public interest. * * *"

In the Woosley case, under the evidence introduced, the Board refused to issue an alcoholic beverage license to the applicant, relying upon its right to do so under the discretionary power reposed in it by law. The order denying the license was appealed to circuit court and, in that court, the Board was directed to approve the license because it had shown no valid reason for rejecting Woosley's application. This Court reversed the circuit court, holding that the circuit court's ruling "clearly annulled" the provisions of KRS 243.450(2), quoted hereinbefore. Therefore, under the Woosley case it seems clear the authority of the Board to exercise its sound discretion in awarding or withholding licenses for the sale of intoxicating beverages is established beyond question.

■ Nor can we say the evidence upon which the findings of fact of the Board are based is of a speculative or contingent nature. The facts in this case are very similar to those presented in the Woosley case, and there it was held the findings of the Board were adequately supported by the testimony of the protestants.

Wherefore, the judgment is reversed.