Kenneth R. BICKETT, d/b/a Bickett Distributing Company, Appellant,

v.

Shirley PALMER–BALL, et al., etc., et al., Appellees.

Court of Appeals of Kentucky.

June 18, 1971.

Rehearing Denied Oct. 1, 1971.

Rhodes Bratcher, Ronald J. Bamberger, Bratcher, Cooper & Flaherty, Owensboro, for appellant.

John Darnell, Frankfort, Marvin P. Nunley, Bartlett, McCarroll & Nunley, William E. Gary III, Morton Holbrook, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court which upheld an order of the Alcoholic Beverage Con-

trol Board denying the issuance of a malt beverage distributor's license.

The appellant, Kenneth Bickett, d/b/a Bickett Distributing Company, is the holder of a beer distributing license in Bowling Green, Warren County, Kentucky. He applied for a similar license in Daviess County, Kentucky, and committed himself to relinquish the Warren County license. The application, in effect, was an application to transfer the license from Warren County to Daviess County.

The appellant resides in Daviess County and presently distributes beer to a number of retailers in Daviess County outside of the city limits of Owensboro. Appellant does not distribute any beer in Warren County and the apparent purpose of the application for the license in Daviess County is to permit him to distribute to his customers in Daviess County from premises in Daviess County rather than from premises in Warren County.

The Malt Beverage Administrator refused to issue the license for the reason that protests were filed against the issuance of the license.

Bickett appealed to the Alcoholic Beverage Control Board, hereinafter referred to as the Board, from the action of the Malt Beverage Administrator in refusing to issue the license. At the hearing of the appeal a field agent for the Board testified that Bickett's premises qualified as a proper place for a distributor's license and that his investigation of Bickett himself indicated that Bickett was qualified for a license. The evidence before the Board disclosed that the fiscal court of Daviess County on the 16th day of December, 1947, adopted a resolution providing that no wholesale beer or malt beverage permit be sold or issued by the county of Daviess if on account of such sale or issuance the number of holders of such wholesale permits would exceed three.

This resolution was never repealed or cancelled. At the time of Bickett's application there were three malt beverage distributorships in Daviess County. The Board upheld the refusal of the Malt Beverage Administrator to issue the license to Bickett and entered the following order:

"* * * The Board having heard all the evidence presented and considered the same and being sufficiently advised makes the following findings of fact and conclusions of law:

FINDINGS OF FACT

"1. By order of the Daviess Fiscal Court, of record in Order Book 15, page 426, dated September 16, 1947, the number of malt beverage distributors licenses for Daviess County was limited to three (3).

"2. There are at the present time three (3) malt beverage distributors licenses in Daviess County.

CONCLUSIONS OF LAW

"There was sufficient evidence presented at the hearing to sustain the refusal of the Honorable Wallace Jones, Malt Beverage Administrator, to approve the applications for the malt beverage distributors license to the applicant for the premises applied for.

"IT IS, THEREFORE, ORDERED AND ADJUDGED by the Kentucky Alcoholic Beverage Control Board that the Malt Beverage Distributors License applied for by Kenneth R. Bickett, for the premises located on Star Route, Owensboro, Kentucky, be denied.

"This the 3rd day of December 1969.

"ALCOHOLIC BEVERAGE CONTROL BOARD

"s/s S. W. Palmer-Ball

"S. W. PALMER-BALL, CHAIRMAN * * *."

Bickett then appealed from the order of the Board to the Franklin Circuit Court.

The Franklin Circuit Court held that the Board was without jurisdiction to issue the license because Bickett failed to adequately describe the premises to be licensed in the publication of the notice of his application. KRS 243.360(1). The court also held that the Board had sufficient substantial evidence before it to support its order.

On appeal to this court Bickett contends that he has met all statutory requirements for a license and that the refusal of the Board to issue the license was arbitrary and capricious. KRS 243.450 provides:

"(1) A license that might be issued under KRS 243.020 to 243.670 shall be refused:

"(a) If the applicant or the premises for which the license is sought do not comply fully with all alcoholic beverage control statutes, the regulations of the board, all ordinances relative to the regulation of the manufacture, sale and transportation of alcoholic beverages, and all regulations of a city administrator or county administrator;

"(b) If the applicant has done any act for which a revocation of license would be authorized; or

"(c) If the applicant has made any false material statement in his application.

"(2) A license that might be issued under KRS 243.020 to 243.670 may be refused by a state administrator for any reason which he, in the exercise of his sound discretion, may deem sufficient."

There was no contention that the applicant Bickett did not qualify under the statute as an applicant for a license or that his premises did not qualify. He was therefore entitled to a license unless some ground existed under KRS 243.450 for refusal of the license.

Appellees assert that the license was properly denied because: (1) the resolution adopted by the Daviess Fiscal Court constituted a valid quota and the issuance of the license to Bickett would exceed the quota, (2) the published notice of Bickett's application did not adequately describe the premises for which the license was sought and (3) KRS 243.450(2) permits a refusal to issue a license for any reason that the Malt Beverage Administrator in his sound discretion deems sufficient.

■ A fiscal court does not have any power except that conferred by statute and it possesses no authority not delegated to it, expressly or impliedly, by some provision of law. Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S.W.2d 271 (1931). There is no statute which confers authority upon a fiscal court to establish quotas for malt beverage distributorships in a county. The authority to establish quotas with respect to alcoholic beverage licenses is specifically granted to the Alcoholic Beverage Control Board. KRS 241.060(2). Regulations of County Administrators are not effective until approved by the Board. KRS 241.140. It is our opinion that the resolution adopted by the fiscal court of Daviess County which purported to establish a quota of three (3) wholesale beer or malt beverage licenses was not authorized by statute and was ineffective. The Board did not approve such a quota for Daviess County and it was improper to deny Bickett a license upon the ground that the issuance of a license to him would exceed a purported quota established by the fiscal court.

■ In the published notice of his application pursuant to KRS 243.360(1) Bickett's premises were described as:

" * * * My place of business, Bickett Distributing Company at Sorgho, Kentucky, in Daviess County approximately 6.3 miles west of the city limits of Owensboro on the south side of Highway 54, Star Route, Owensboro, Kentucky."

In Durbin v. Wood, Ky., 369 S.W.2d 125 (1963) we held insufficient a notice which described the premises as:

" 'Ben Wood No. 2, Route 2, Boaz, Kentucky.' "

In that case we held that the purpose of this statute is to notify the public of the proposed use of specific property so that any member of the public is afforded an opportunity to file a protest against the issuance of a license for that location. Obviously a description which does not pinpoint a location more exactly than some place upon a rural mail route does not notify the public of any specific location which is intended for the licensed premises.

However, in Angel v. Moberly, Ky., 425 S.W.2d 538 (1968) this court approved a description of the premises in the following language:

"'* * * tavern known as Simms' Tavern and located 12 miles from Lebanon on the North side of Kentucky Highway 208 in Marion County, Kentucky.'"

In Barnett v. Portwood, Ky., 328 S.W.2d 164 (1959) this court approved a description of premises as:

"'The Hut, located in Christian County, east side of 41–A, 14 miles south of Hopkinsville, Ky.'"

The proposed location consisted of vacant land but this court held that the description was adequate to notify the public of the general location of the premises, to enable any interested persons to form an opinion as to whether the location would be objectionable and to enable the presentation of appropriate objections. We are of the opinion that Bickett's published notice adequately described the premises under the rationale of Angel v. Moberly and Barnett v. Portwood, supra. His application should not have been denied because of inadequate description of the premises in the published notice.

■ KRS 243.450(2) grants a state administrator the right to refuse a license for any reason which he, in the exercise of his sound discretion, may deem sufficient. We considered this section of the statute in Moberly v. King, Ky., 355 S.W.

2d 309 (1962) wherein a license was granted and the protestants contended that sufficient reasons were shown by them why the license should have been denied. We held that the statute does not require the State Administrator to find a sufficient reason for granting the license. Compliance by the applicant with the statutory conditions is enough to authorize issuance. The Board is not required to find that the issuance is desirable or in the public interest as a condition precedent to the granting of a license. No such factual determination being required, when a license is issued there can be no review of whether the evidence establishd those facts.

We again reviewed the effect of KRS 243.450(2) in Alcoholic Beverage Control Board v. Woosley, Ky., 367 S.W.2d 127 (1963). In that case the administrator refused to issue a license upon the ground that the premises were within a short distance of two churches (although not within 200 feet of either); were near a county high school, a school-bus-exchange stop, an ice-cream bar frequented by teenagers, a proposed city park and recreation area; and were in the vicinity of two other liquor outlets which adequately served the immediate area.

The applicant met the statutory requirements for a license but the State Administrator in the exercise of his discretion disallowed the license for reasons which he deemed sufficient.

In considering the discretionary power granted by KRS 243.450(2) to the State Administrator to deny a license we said in Alcoholic Beverage Control Board v. Woosley, supra:

"* * * the legislature has, under KRS 243.450(2), expressed a clear intent to leave to the reasonable judgment of the state administrator (who we must assume is an expert in the field of alcoholic beverage control) not only the determination of the propriety of granting a particular license but the deter-

mination of what material factors are important in reaching this decision. See Moberly v. King, Ky., 355 S.W.2d 309.

"With respect to retail distribution outlets, the legislature has specifically prescribed certain conditions of eligibility to obtain a license. If any such disqualifications exist, the state administrator has no authority to issue a license. On the other hand, the legislature has, by the enactment of KRS 243.-450(2), taken cognizance of a twilight zone within which the administrative agency must determine if any particular license should be granted when substantial reasons exist why its issuance would not be in the public interest. While section (2) of KRS 243.450 is extremely broad, it requires the exercise of a sound discretion and neither the administrator nor the Board may arbitrarily reject an application. Alcoholic Beverage Control Board v. Pebbleford Distillers, 302 Ky. 96, 193 S.W.2d 1019.

"* * *.

"We realize that without statutory standards the exercise of administrative discretion may be abused. On the other hand, the legislature has not seen fit, nor is it required, to recognize a vested right in everyone to operate a liquor store. Looking at practicalities, neither the legislature nor the courts can effectively administer the details of the alcoholic beverage business. While the system is far from a perfect one, the licensing of liquor stores must be left largely to an expert administrator or an administrative agency. *The courts will not countenance, and will give relief from, arbitrary action by such administrator.* We do not find such on the record before us, and the administrator (or the Board) did not act in excess of his (or its) power."

A State Administrator does not have carte blanche authority to refuse a license. His denial must be based upon the exercise of a sound discretion and it must be for a cause reasonably related to the propriety of granting the license.

A license may not be denied simply because it is protested. If such were the case, few licenses indeed would be issued. A protest may be based upon some reasonable ground or it may be entirely without merit. It is the reasonableness of the grounds of protest, rather than the fact of protest in itself, which may justify the denial of a license.

In this case the license was denied because it was protested but the applicant was not informed as to the identity of the protestants or the grounds for their protest. If denial of licenses upon such a basis is valid, the authority of the administrator is absolute. In another application, though it too be protested, the administrator could grant the license, if the statutory requirements were met, despite the protest. Under such a procedure all uniformity of action disappears and the administrator may discriminate at will.

There was no evidence here of any reasonable ground upon which the administrator refused to issue the license and consequently the refusal was an abuse of discretion.

At the hearing before the Board it developed that the only protestants who testified were representatives of the three licensed distributors who protested, not surprisingly, that the market was adequately served by them and that additional competition would tend to produce negative rather than positive results. One beer retailer and the sheriff testified in a similar vein and three county commissioners testified as to the purported quota resolution.

The Board denied the license upon the basis of the alleged quota. This application for license was subjected to review in three different forums. It was denied successively in all three, each assigning a different reason for the denial. All of the reasons for the denial of the license were without substance. On each succes-

sive appeal the applicant has suffered a defeat from a new direction. And now in this court a final argument is made that even if the reasons assigned by the State Administrator for denying the license and if the reasons assigned by the Board and by the circuit court for upholding that denial are invalid, nevertheless, this court should not set aside the judgment if there were valid reasons disclosed by the record for the denial.

Appellees assert that the license should have been refused because Bickett violated rules and regulations of the Board as a licensee in Warren County, Kentucky. KRS 243.450(1) (b) requires a denial of license if such a violation is shown to exist. The evidence of any such violation by Bickett was far from convincing and no finding was made that Bickett violated any of the rules and regulations of the Board. We are not constrained to reopen the case for further evidence or findings upon that issue.

It is also argued that there was sufficient evidence relating to prices, demand, service and the general conditions in the area to have warranted denial of the license. We decline to pass upon the sufficiency of this evidence for that purpose because the fact is that neither the administrator nor the Board gave any indication that the license was denied for these reasons. Even if those conditions were a sufficient reason to justify a denial of the license a denial upon that ground was not mandatory and no discretion was exercised by the administrator or the Board to deny for those reasons.

Finally, we deem it appropriate to comment upon the difficulty which is created by the utter lack of standards to serve as guidelines for State Administrators in the exercise of their discretion under KRS 243.450(2). The only protection afforded an applicant from high-handed, discriminatory, or arbitrary action is judicial review. Uniformity of action and the absence of discrimination are goals to be sought. The absence of any reasonable standards and guidelines opens the gates wide to possible abuse and discrimination. It would seem that many of the causes for denial of alcoholic beverage licenses which are within the realm of the exercise of discretion by an administrator by virtue of KRS 243.450(2) could be promulgated as regulations. The adoption of uniform standards would lessen the likelihood of the abuse of discretion.

The judgment in this case is reversed with directions that a new judgment be entered directing the issuance of the license sought in appellant's application.

MILLIKEN, C. J., and PALMORE, OSBORNE and REED, JJ., concur.

STEINFELD, J., dissents.