Robert WHITE; Ronnie Blake; Sam Huff; Charles Swihart; L.T. Newton; Otto Spencer; Dorthea Boling; and Terri House, Appellants,

v.

Robert M. PAYNE, Sr., d/b/a Valley View Winery, Appellee.

No. 2004–CA–002515–MR.

Court of Appeals of Kentucky.

March 10, 2006.

---

11. *Western Baptist Hospital,* 827 S.W.2d at 687–688.

Bryan H. Beauman, Lexington, KY, for appellants.

Paul C. Harnice, Frankfort, KY, for appellee.

Before BARBER, MINTON, and TACKETT, Judges.

*OPINION*

MINTON, Judge.

Several residents of Hancock County bring this appeal asking us to overturn the Franklin Circuit Court's decision ordering the Kentucky Alcoholic Beverage Control Board (ABC Board) to grant a farm winery license to Robert M. Payne, Sr. Finding no error in the circuit court's decision, we affirm.

Payne owns a small farm in Hancock County, which is a dry county. In June 2003, he applied to the ABC Board for a farm winery license under Kentucky Revised Statute (KRS) 243.156. The ABC Board's distilled spirits administrator denied a license to Payne, citing the "amount

of protest" received. Payne then requested a full ABC Board hearing as allowed by KRS 243.470. In October 2003, the ABC Board conducted a full hearing on Payne's application where evidence was heard both in favor of granting Payne's license and against granting his license.

In January 2004, the ABC Board denied Payne's license "due to strong public sentiment against issuance of the license[.]" Payne appealed to the Franklin Circuit Court. In November 2004, the circuit court reversed the ABC Board and ordered it to issue a license to Payne because "the record is void of direct factual evidence sufficient to support denial of licensure based upon 'public sentiment.'" Appellants, who were intervening respondents below, then filed this appeal.

■ As both sides must acknowledge, the scope of our review is limited to our determining whether the circuit court has clearly erred in its review of the ABC Board's decision.[1] Based on the record of this case, we cannot say that the circuit court's findings are clearly erroneous.

■ Local opposition to a farm winery operation is not, in and of itself, enough to block issuance of a license for it because the General Assembly has expressly provided in KRS 243.156 for the issuance of a license for wine production in a dry territory. And presumably, the General Assembly was well aware of the potential for adverse public reaction when enacting this legislation. So Appellants' reliance upon what they perceive to be local opposition to this farm winery in Hancock County is legally insufficient.[2]

1. *Fayette County Bd. of Educ. v. M.R.D. ex rel. K.D.*, 158 S.W.3d 195, 201 (Ky.2005) ("CR [Kentucky Rules of Civil Procedure] 52.01 requires that, in appeals of administrative agency decisions, appellate courts review the determinations of the circuit courts for clear error.").

2. *See, e.g., Bickett v. Palmer–Ball*, 470 S.W.2d 341, 345 (Ky.1971) ("A State Administrator does not have carte blanche authority to re-

Furthermore, the fact that Payne may seek a local option election regarding the sale of alcoholic beverages if he is granted a farm winery license is irrelevant to the present question of whether he is entitled to such a farm winery license.[3]

This case is readily distinguishable from those relied upon by Appellants because those cases involved refusing to grant a retail alcohol distribution license to an establishment located near churches or schools.[4] In the case at hand, Payne is seeking an entirely different type of license; and his proposed farm winery is not located close to a church or school.[5] Another case relied upon by Appellants involves denial of retail alcohol licenses due, in part, to the fact that quotas or ceilings for the number of such establishments in the area had already been met.[6] No quota exists to bar Payne's license. Finally, two other cases relied upon by Appellants actually favor Payne because

the Court ordered licenses to be granted in those cases, over the objections of local residents.[7]

In summary, Payne has met all the statutory requirements for a farm winery license; and Appellants have pointed to nothing specific in the record that causes us to believe that the Franklin Circuit Court's decision to order the Board to grant him a license was clearly erroneous. Thus, for the foregoing reasons, the order of the Franklin Circuit Court reversing the decision of the Kentucky Alcoholic Beverage Control Board is affirmed.

ALL CONCUR.

---

fuse a license.... A license may not be denied simply because it is protested. If such were the case, few licenses indeed would be issued."); *Alcoholic Beverage Control Bd. v. Hall*, 297 Ky. 432, 436, 180 S.W.2d 293, 295 (1944) ("The testimony concerning the moral effect locally of the dispensary applied for—as well as its tendency to reduce the value of property in the locality—is largely speculative; but even so, we do not find statutory authority for such facts to have controlling effect in granting properly applied for license to a properly equipped person.").

3. In addition, as noted by the circuit court, Appellants may voice their objections to a

portion of Hancock County potentially becoming "wet" with their ballots.

4. *See, e.g., Alcoholic Beverage Control Bd. v. Woosley*, 367 S.W.2d 127 (Ky.1963); *Moberly v. Bruner*, 382 S.W.2d 406 (Ky.1964).

5. At the hearing before the Board, Payne testified that the proposed winery was not visible from the nearest church, which was 1.4 to 1.7 miles away. There is no indication that the proposed winery is located near any schools.

6. *See Kentucky Alcoholic Beverage Control Bd. v. Klein*, 301 Ky. 757, 192 S.W.2d 735 (1946).

7. *See Bickett*, 470 S.W.2d 341; *Moberly v. King*, 355 S.W.2d 309 (Ky.1962).