## Dunbar v. Alcoholic Beverage Control Board et al.

October 8, 1948.

Rehearing denied January 21, 1949.

Weldon Shouse for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment of the Franklin Circuit Court sustaining an order of the Alcoholic Beverage Control Board which denied appellant's application for a retail liquor license.

On or about January 7, 1948, appellant purchased the Carroll Dispensary in Versailles. This business had been operated for several years under a retail liquor license issued to Ben Carroll. After the date of purchase, Ben Carroll continued to operate the business for

appellant as owner. On February 1, appellant was arrested and charged with selling alcoholic beverages on the Carroll Dispensary premises without a license.

On February 9, he applied to the Administrator of the Distilled Spirits Unit for a license. The application was denied by the Administrator, and by letter he advised appellant of the reasons for his action. These reasons were in substance: (1) appellant already held one of the two retail liquor licenses in Versailles; (2) the premises to be covered by the license were within 200 feet of a church, and the governing body of such church had protested the issuing of such license; (3) appellant was arrested on the charge of selling alcoholic beverages from these premises without a license; and (4) appellant had been convicted of selling alcoholic beverages to minors in 1945.

From the ruling of the Administrator, appellant appealed to the Alcoholic Beverage Control Board. A hearing was held and evidence was introduced on his behalf. No evidence was introduced by the Administrator. The Board, after the hearing, refused to issue the license. The record made before the Board was filed in the Circuit Court, and a judgment sustaining the Board's action was entered on that record.

Appellant has three complaints. They will be taken up seriatim.

(1) Appellant contends that the Circuit Court was under a mandatory duty to enter a judgment in his favor because appellees failed to file any pleadings after being duly summoned. The procedure in cases of this sort is prescribed by KRS 243.560. Subsection (4) of this section states: "No formal pleading shall be required in appeals from orders of the board." KRS 243.570 provides that no new or additional evidence shall be introduced in the Franklin Circuit Court except for certain fraud and misconduct, and the Court is directed to hear the case upon the record made before the Board. The complete case was before the Court, and appellees were not required to file pleadings or take any other action. Clearly appellant was not entitled to a default judgment in his favor.

(2) Appellant insists the Board was estopped to

deny him a license because of certain representations made by the Secretary of the Board and by the Administrator. On or about January 7, appellant had discussed with the Secretary his proposed purchase of the Carroll Dispensary, and she had assured him that the transfer of the license was a routine matter. She did advise him, however, that the license must come from the Board, an application must be filed, and he could not operate the business until he had obtained a license. Appellant's son the following day discussed the matter with the Administrator, who stated he saw no reason why the license would not be issued. He did, however, advise appellant's son that an application must be filed, and that buying out another store was the same, for license purposes, as opening a new business.

We see no possible basis for any estoppel even if we were to assume that the Secretary and the Administrator had any power to bind the Board. The evidence goes no further than to indicate the probabilities were favorable to the obtention of a license by appellant. He was, however, positively informed (as he is presumed to have known and as he must actually have known because he operated another store with a license at the time) that he could not operate this new business without obtaining a license as provided by the statute. No reasonable man could have been misled by the information given him by the Administrator or the Secretary, and the elements of estoppel are completely lacking.

(3) The third and last contention made by appellant is that the Administrator and the Board arbitrarily rejected his application without any legal reasons therefor. He takes the position that the grounds for the rejection of his application, as set out in the letter from the Administrator, are not supported by the evidence, and if supported by evidence, are not sufficient to justify the Board's action.

We are unable to follow appellant's line of reasoning to the effect that the grounds stated in the letter are not supported by the evidence. At the hearing before the Board, it is true the only witnesses introduced were appellant's witnesses, but appellant admitted during his examination, and admits in his brief, that each and every statement of fact made in the Administrator's letter is

perfectly true. There was no necessity for the Administrator or the Board to prove what appellant admitted. He did have another liquor license in Versailles; the new place of business was within 200 feet of a church; he was arrested on the charge of selling alcoholic beverages without a license; and he had been convicted of selling such beverages to a minor. We know of no better evidence in support of these facts than appellant's own admissions that they are true.

The only remaining question is whether or not these facts justified the Administrator in refusing to issue the license. KRS 243.450, among other things, provides that a license shall be refused: (1) if the applicant has done an act which would authorize the revocation of a license, or (2) if the Administrator has any other reason which he may deem sufficient in the exercise of his sound discretion.

In operating the new business without a license, appellant violated the provisions of KRS 243.020. This was an unlawful act which would authorize the revocation of a license under KRS 243.490. It would therefore justify the refusal to grant a license under KRS 243.450.

If the above specific reason did not exist we are of the opinion that the four grounds mentioned in the Administrator's letter, taken together, completely justified the Administrator's rejection of the application in the exercise of a sound discretion.

The judgment is affirmed.