Elma R. WEBB et al., Appellants,

v.

KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1956.

E. F. Prichard, Jr., Weldon Shouse, Lexington, for appellants.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., Walter B. Smith, Louisville, for appellees.

MONTGOMERY, Judge.

This is an appeal from a judgment of the Franklin Circuit Court affirming a final order of the Alcoholic Beverage Control Board granting· a retail package liquor license to appellee C. P. Gross.

Appellants contend that the lower court erred in affirming the Board's order because: (1) no hearing was held in the case on its merits while motions and a request for admissions were pending; (2) of the Board's refusal to take into account the comparative merits of appellee Gross' application in relation to competing applications; and (3) of the absence of any evidence in the record to support the Board's finding (No. 12) that the issuance of this license would not exceed the quota theretofore fixed for Fayette County.

■ Under KRS 243.570, the court in reviewing an order of the Board is limited to determining: (1) whether the Board acted without or in excess of its powers; (2) whether the order appealed from was procured by fraud; and (3) if questions of fact are in issue, whether or not any substantial evidence supports the order appealed from.

■ Further, the lower court passes only on those matters presented in the record.

New evidence is inadmissible except in cases of fraud or misconduct.

Appellants contend that the Board exceeded its statutory powers in not comparing the merits of Gross' application in relation to competing applications. They also contend that there is a lack of substantial evidence to support the Board's finding that the issuance of this license would not exceed the quota theretofore fixed for Fayette County. These contentions should be considered in the light of the case of K. Whiskey Store, Inc., v. Shearer, Ky., 276 S.W.2d 457, 459, wherein we said:

"We do not feel that the Board should be so hampered by technicalities and bound up in red tape as to prevent it from fairly and expeditiously conducting hearings and arriving at justice in matters coming before it."

■ The Board's decision in all respects was based on adequate evidence presented and cannot be construed to be in excess of its statutory powers to issue licenses to qualified persons.

The Board held a public hearing on Gross' application with all parties present, either in person or by counsel. Most of the appellants who appeared before the Board as protestants are residents in the neighborhood of the proposed liquor store site. Two of them, R. A. Welch and R. A. Welch, Jr., do not reside in the neighborhood and did not testify before the Board as to the nature of their protest. Apparently, they had an application for a similar license pending at the time the Gross application was under consideration. They were issued a license on November 10, 1955, which was not delivered, but a new license was issued and delivered on December 5, 1955. The Gross license was issued on December 2, 1955.

■ Every interested party was given the opportunity to air his objections to the application. Any objection which they may have had must necessarily have appeared in the record of the hearing in order to have been considered by the Franklin Cir-

cuit Court on appeal. Therefore, their request for admissions was properly denied.

Since the trial court, on the record presented and from the hearing held by it, could find only that the Board had acted upon substantial evidence within the powers granted it by statute and without fraud, the appeal was properly dismissed.

Judgment affirmed.