**J. & J. LIQUOR STORE, Inc., Appellant,**

v.

**DEPARTMENT OF ALCOHOLIC BEVER-
AGE CONTROL BOARD et al., Appellee.**

Court of Appeals of Kentucky.

June 14, 1957.

Rehearing Denied Feb. 7, 1958.

Strother Kiser, Lexington, for appellant.

Thomas P. Bell, Frankfort, for appellee.

SIMS, Judge.

This appeal is from a judgment of the Franklin Circuit Court upholding an order of the Department of Alcoholic Beverage Control Board, hereinafter referred to as the Board, in which it refused to grant the J. & J. Liquor Store, Inc., hereinafter referred to as J. & J., a license to retail liquor by the package at 183 Deweese Street in Lexington. In the same order denying the liquor license, the Board granted J. & J. a license to sell beer by retail at the above address.

As we read the Board's order, the reason it refused the liquor license was that the quota for Fayette County was 74 and at the time J. & J. filed its application the quota was filled and there was no vacancy.

Atherton's Liquors had a license but lost its lease and contracted to sell its equipment to J. & J. in the event the latter could

obtain a liquor license. We understand this is ordinary procedure in the liquor business, and it would not have increased the quota for Atherton to surrender its license because when J. & J. obtained a liquor license it would step into Atherton's shoes. There was some contest between Gross and Welch over a liquor license and the Board's granting the license to Gross was approved by the Franklin Circuit Court and was affirmed here in Webb v. Kentucky Alcoholic Beverage Control Bd., Ky., 291 S.W.2d 558. As shown in that opinion, shortly after the Gross liquor license was granted, the Board issued a liquor license to Welch.

Mention was made in the Board's order in the instant case "of the police record of Jesse Fisher and Henderson Lewis, officers and directors of the J. & J. Liquor Store, Inc." But we give no heed to this as none of the charges was serious nor had they been made within two years before the application for the liquor license had been filed and the men explained the charges and proved their good characters. Furthermore, the Board issued J. & J. a retail beer license, and it is presumed if the officers of the company were of such character as not to be worthy of obtaining a liquor license, the Board would not have issued their corporation a beer license. As will subsequently appear, the circuit judge in his order paid no attention to the purported police records of Fisher and Lewis.

It is worthy of note that the judge of the Franklin Circuit Court on December 15, 1956, made an order directing the Board to grant a liquor license to J. & J. A few days thereafter counsel for the Board moved the court to set aside his order. On this motion the circuit judge requested the attorney for the Board to prepare and file an affidavit showing the action of the Board relative to the retail liquor licenses issued to Atherton's Liquor, to Gross and to Welch. This affidavit consisting of seven pages was filed January 3, 1957, and on that same day the judge set aside his order of December 15, 1956, and entered one upholding the order of the Board refusing a liquor license to J. & J. The order of the court recited the liquor license quota in Fayette County "was filled * * * and this court has no desire or intention of enlarging the liquor quota in Fayette County by granting an additional license."

J. & J.'s counsel vigorously attacks the court's action in permitting that affidavit to be filed because KRS 243.570(2) provides:

"(2) No new or additional evidence shall be introduced in the Franklin circuit court except as to the fraud or misconduct of some party engaged in the administration of this chapter and affecting the order appealed from, but the court shall otherwise hear the case upon the record as attested by the board, and shall in all respects dispose of the appeal in a summary manner."

▮ Counsel is correct in his position that the circuit court is bound by the statute to try the appeal on the record made before the Board and that no new matter may be brought into the trial in the circuit court except for fraud or misconduct. It was so held in Dunbar v. Alcoholic Beverage Control Bd., 309 Ky. 70, 216 S.W.2d 42, and Webb v. Kentucky Alcoholic Beverage Control Bd., Ky, 291 S.W.2d 558. Had the record in the Gross and Welch cases been made a part of the record in the instant case when it was pending before the Board, counsel would have had an opportunity to examine those records and perhaps could have met successfully the issues they raised. Certainly, he could have cross-examined the witnesses introducing them. Louisville & N. R. Co.

v. Commonwealth, Ky., 300 S.W.2d 777, at page 780. Be that as it may, the court ran afoul of the statute in not limiting the hearing in the circuit court to the record made before the Board and in allowing new matter to be brought into the trial in the circuit court.

We agree with the trial judge that the quota for liquor licenses fixed by the Board should be upheld by the courts where it is supported by substantial evidence taken at a hearing conducted for the purpose of showing what quota should be fixed. O'Brien v. Department of Alcoholic Beverage Control, 306 Ky. 238, 206 S.W.2d 941. We mean no criticism of the present Board which assumed office on December 13, 1955, or of its predecessor, but the record before us shows that liquor licenses issued in Fayette County for the last several years have been in excess of the quota. Some mention is made of this excess in quota in Lexington Retail Beverage Dealers Ass'n v. Department of Alcoholic Beverage Control Board, Ky., 303 S.W.2d 268.

It seems from the record in the instant case that the Board in an effort to hold the quota issued to Welch a license in lieu of the Atherton license. While it is commendable upon the part of the Board to keep liquor licenses within the quota which had been fixed, yet in attempting to do so it could not arbitrarily refuse to renew the Atherton license in order to create a vacancy in the quota for Welch. The instant record shows the license granted to Welch was issued in lieu of the Atherton license, although the license that was previously issued to Atherton was never picked up.

The judgment is reversed and the Franklin Circuit Court will enter an order directing the Board to issue a retail package liquor license to J. & J. in lieu of the one it had previously issued to Atherton.