**NI–BE, INC., Appellant,**

v.

**Harold MOBERLY, Commissioner, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 9, 1968.

William A. Young, Frankfort, for appellant.

Frank M. Dailey, Dailey & Fowler, John D. Darnell, Chancellor & Darnell, Frankfort, for appellees.

STEINFELD, Judge.

Ni-Be appealed to the Franklin Circuit Court from two final orders of the Alcoholic Beverage Control Board revoking licenses after finding Ni-Be guilty of violating a regulation and statutes regulating the sale of alcoholic beverages.  The appeals were consolidated and after a hearing the circuit court affirmed the orders.  It temporarily restrained the Board from enforcing the revocation pending this appeal. We affirm.

Appellant, Ni-Be, Inc., applied for a retail package liquor license, a retail drink liquor license, and a retail malt beverage license for the first floor of the premises located at Second and York Streets in Newport, Kentucky.  KRS 243.030(6), (7) and 243.040.  The Board, which we will refer to as ABC, demanded that Ni-Be lease the entire building instead of only the first floor.  Ni-Be complied with this demand and the licenses were granted.

On February 15, 1965, Ni-Be entered into a contract with Richard Mattrella whereby the latter was employed as manager of the various businesses conducted on the licensed premises.

Renewals of all three licenses were applied for and these were mailed to Ni-Be on June 24, 1965. On that same day the ABC demanded the return of the licenses. Ni-Be refused to surrender the licenses and demanded that it be told the reason for being required to do so. On July 29, 1965, ABC cited Ni-Be to show cause why all of its licenses should not be suspended or revoked because KRS 243.100(4) was violated in that its manager, Mattrella, had been convicted of misdemeanors "directly * * * attributable to the use of alcoholic beverages" and because ABC Regulation 3:10 had been violated in that there were stock transfers without application for new licenses. These matters were heard by the Board on August 27, 1965, and submitted for consideration. Before ruling ABC again cited Ni-Be to show cause why its licenses should not be revoked or suspended for violating KRS 244.120 in that it permitted the licensed premises to be disorderly. This matter was heard and on January 14, 1966, the ABC made findings of facts, reached conclusions of law, and adjudged Ni-Be guilty of all charges for which it had been cited. All three licenses were revoked and Ni-Be appealed to the Franklin Circuit Court. KRS 243.560. On January 21, 1966, the circuit court prohibited the ABC from revoking, cancelling, or suspending Ni-Be's licenses or interferring in any way with the privileges conferred by the licenses pending further orders of that court.

On February 16, 1966, a third citation was issued by the ABC directing Ni-Be to show cause why its licenses should not be revoked or suspended on the claims that it had hired an employee who had not been a resident of Kentucky for one year prior to his employment as required by KRS 244.090(1)(c) and because it had moved its retail package liquor store from the licensed part of the premises to another part of the building which was not licensed. After a hearing the ABC found Ni-Be guilty of both charges. It appealed to the Franklin Cir-

cuit Court and a second restraining order, similar to the first, was issued against ABC.

Subsequently, the circuit court sustained the ABC, dismissed the appeals and dissolved the restraining orders. On June 30, 1966, a special judge serving in the circuit court reinstated, pending this appeal, the injunctive relief previously granted.

Ni-Be contends that the record is "utterly and completely devoid of any evidence that Ni-Be, its agents, servants, and/or employees did on November 16, 1965, permit and suffer (its) licensed premises to become disorderly" as forbidden by KRS 244.120. The alleged disorderly conduct was a fight on or near the licensed premises, involving a police officer and one Frank (Screw) Andrews. Police officers later went back to the premises and found another man, Julius Williams, standing on the entrance steps and blocking the path of the officers.

Ni-Be argues that the words of KRS 244.120, "permitting" and "suffering," imply knowledge on its part. It also contends that "neither Andrews nor Williams were on the premises and that there is no testimony which places any of Ni-Be's employees at or on the scene where these disturbances occurred or how such person might have participated in the disturbances by suffering, causing, or permitting them to occur." Ni-Be cites cases which hold that there must be sufficient evidence to sustain a finding of guilty under KRS 244.120.

The Board counters by referring to evidence that Andrews was a caretaker of the premises at the time of these disturbances. The proof is not clear as to whether Andrews had some affiliation with the licensee or the owner of the premises. However, there was a contract between Ni-Be and its manager whereby the manager agreed not to permit Andrews to patronize, loiter or utilize the licensed premises. The manager in charge violated the terms of this con-

tract and it was the behavior of Andrews which caused the premises to be disorderly.

The ABC found:

### "FINDINGS OF FACT

"1. On November 16, 1965, the licensee did suffer and permit the licensed premises to become disorderly when one Frank (Screw) Andrews engaged in an altercation with two police officers of the City of Newport, Kentucky, on the licensed premises.

"2. On November 16, 1965, at approximately 3:10 A.M., officers of the Police Department of the City of Newport arrested one Julius Williams for obstructing an officer in carrying out his duties on the licensed premises."

KRS 243.490 authorized ABC to revoke licenses for a violation of "* * * any of the provisions of [KRS] Chapter 241, 243 or 244 * * *." The licensee violated KRS 244.120.

In Webb v. Ky. Alcoholic Beverage Control Board, Ky., 291 S.W.2d 558 (1956), we said:

"Under KRS 243.570, the court in reviewing an order of the Board is limited to determining: (1) whether the Board acted without or in excess of its powers; (2) whether the order appealed from was procured by fraud; and (3) if questions of fact are in issue, whether or not any substantial evidence supports the order appealed from."

There was sufficient evidence before the ABC to support its findings. "The usual rule that the factual finding of an administrative body is to be sustained if supported by substantial evidence" applies. Com., Dept. of Highways v. Cardwell, Ky., 409 S.W.2d 304 (1966). Affirming the orders of revocation and dismissing the appeal was proper. Webb v. Ky. Alcoholic

Beverage Control Board, Ky., 291 S.W.2d 558 (1956).

It is unnecessary for us to consider the claims made by ABC of other violations or the defenses to those claims.

The judgment is affirmed; however, the restraining order shall not be dissolved until mandate issues.

All concur.