**C. Gordon BROWN, Jr., et al., Appellants,**

**v.**

**William and Margaret CAREY, dba, Etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 6, 1969.

order of the Alcoholic Beverage Control Board granting a malt beverage license to William and Margaret Carey. The appellants are residents of a subdivision in Jefferson County in the same locality for which the license was granted. Mr. and Mrs. Carey first made application for a retail malt beverage license with the Jefferson County Alcoholic Beverage Administrator on January 5, 1968, which was refused. They appealed this decision to the Board, but withdrew their appeal before a hearing was held. The Careys then made a second application with the County Administrator on March 5, 1969. The second application was approved by the County Administrator. They then made application to the state Board.

Appellants, along with other residents of the subdivision, filed a protest before the Board and a hearing was held. Following the hearing the Board granted the license.

In the hearing before the Board a question concerning the zoning of the property where the license was to be exercised was raised. There was also raised considerable question concerning the Careys' application and the fact that the application showed that Mr. Carey stated that he had never been convicted of any offense involving illegal sale of alcoholic beverages when in fact he had several prior convictions for such offenses. The prior convictions had occurred more than two years before the filing of the application.

Appellants contend that the Board was required to refuse the license under KRS 243.450, which provides:

William P. Curlin, Jr., Hazelrigg & Cox, Frankfort, for appellants.

William E. Johnson, Johnson & Burton, Frankfort, Charles J. Lunderman, Jr., Louisville, John D. Darnell, Frankfort, for appellees.

OSBORNE, Judge.

This is an appeal from the judgment of the Franklin Circuit Court affirming an

"(1) A license that might be issued under KRS 243.020 to 243.670 shall be refused:

(a) If the applicant or the premises for which the license is sought do not comply fully with all alcoholic beverage control statutes, the regulations of the board, all ordinances relative to the regulation of the manufacture, sale and transportation of alcoholic beverages,

and all regulations of a city administrator or county administrator;

(b) If the applicant has done any act for which a revocation of license would be authorized; or

(c) If the applicant has made any false material statement in his application.

(2) A license that might be issued under KRS 243.020 to 243.670 may be refused by a state administrator for any reason which he, in the exercise of his sound discretion, may deem sufficient."

■ The facts involving 1(a) are not completely clear. The chief contention is that the premises are located in an area zoned residential. However, there is testimony in the record to the fact that the premises had been utilized for commercial purposes before the date of the zoning regulation and the County Administrator so found in granting the second application. We do not believe there was any error in this respect.

■ The contention that there was a violation of 1(b) likewise does not seem to be well taken. To hold that this provision requires the Board to deny a license would mean that the Board would have no discretion and would have to deny the license for any of the various reasons for which they could revoke it under KRS 243.490 or KRS 243.500. This hardly seems tenable as far as 243.490 is concerned as the Board clearly has discretion under this section and is not mandatorily required to suspend or revoke a license for the violation of its terms. In addition this court in passing upon KRS 243.450 has indicated the Board has discretion to deny a license for such past offenses. We have not held that they would be required to do so. Dunbar v. Alcoholic Beverage Control Board, 309 Ky. 70, 216 S.W.2d 42 (1948); Alcoholic Beverage Control Board v. Pebbleford Distilleries, Inc., 302 Ky. 96, 193 S.W. 2d 1019 (1946). KRS 243.100 sets out the conditions under which a license may

not be granted and is much more restrictive. In speaking of violations of KRS 243.100, we have held the provisions of that statute mandatory. Brown v. Baumer, 301 Ky. 315, 191 S.W.2d 235 (1946). The provisions of KRS 243.100 are similar to those in 243.500 which provide that the Board *must* suspend or revoke a license. Conviction of a misdemeanor involving traffic in alcoholic beverages, if more than two years old, which is the situation here, would not be a ground requiring the refusal of a license under KRS 243.100 or the revoking of a license under KRS 243.500. Therefore, the Board was not required as a mandatory proposition to refuse a license on this basis. However, we believe appellants' contentions as they relate to section (1)(c) are meritorious. Although we have held a violation of (1)(b) does not require denying a license, insofar as violations under KRS 243.490 are concerned, we believe a violation of (1)(c) requires a denial of the license since for false material statements in the application, the Board would be required to revoke or suspend a license even after it is granted under KRS 243.-500(2). Therefore, their actions in granting a license would be a nullity.

■ The findings of the trial court are not in disagreement with the interpretation which we place upon the statutes here. However, that court held the false statements contained in the application not to be material. Appellees on this appeal contend that the trial judge was correct and that the false statements were not material because they involved matters which the Board was not required by KRS 243.390 to include in the application. We do not believe this to be conclusive of the matter because KRS 243.390 authorizes the Board to make other inquiries pursuant to their regulations. We, therefore, see no reason why the Board could not inquire and should not properly inquire about previous violations even though more than two years old, since this is a basis upon which they could, within their discretion, deny a license. Alcoholic Beverage Control Board

v. Pebbleford Distilleries Inc., supra. Since this is the basis upon which they could deny the license, it certainly becomes a material part of the application. As the Board had no discretion to grant the license under KRS 243.450 and KRS 243.-500, the judgment of the trial court holding otherwise was erroneous and the license should be denied.

Judgment reversed.

All concur.