**T. R. DINK and H. C. Childers, Appellants,**

v.

**S. W. PALMER–BALL et al., Appellees.**

Court of Appeals of Kentucky.

April 28, 1972.

Robert M. Spragens, and James L. Avritt, Lebanon, for appellants.

John Darnell, William A. Young, Frankfort, for appellees.

STEINFELD, Chief Justice.

In 1964 appellees James R. and Lucille Berry were denied a retail package liquor license for premises in Meade County. Moberly v. Berry, Ky., 405 S.W.2d 198 (1966). Later they obtained a license and for a while operated a retail package liquor store on those premises. On July 18, 1969, they filed another application for that type of license for the same location. Over protests by local officials and many citizens, the Alcoholic Beverage Control Board granted the license, which order was appealed to the Franklin Circuit Court by appellants Dink and Childers, hereinafter referred to as D&C. The circuit court affirmed, from which judgment D&C have appealed. (KRS 243.560(1).) We affirm.

Dink is a citizen and resident of Meade County and Childers is a citizen and resident of Hardin County. D&C hold a retail liquor license and operate a retail package liquor business on Kentucky Highway #144 in Meade County.

D&C claim that the previous refusal-decision is res judicata in the absence of a showing that conditions had changed. They rely on Angel v. Palmer-Ball, Ky., 461 S.W.2d 105 (1970), in which we held the doctrine of res judicata applicable, the appellant having failed to show any change of condition between the situations at the time of the first and second applications. D&C say that Berrys produced no evidence indicating that a change of conditions had occurred. Berrys dispute this on the basis that testimony introduced in a 1969 retail package liquor hearing on D&C's application for a license for nearby premises revealed that Berrys' location then met statutory requirements. D&C's application was approved. The original application of Berrys was denied because their premises did not meet the requirements of KRS 243.230(2) and (3) in that there was inadequate police protection and adequate licensed vendors of alcoholic beverages to serve the area.

In 1969 D&C filed an application for a transfer of their license authorizing them to move to a location on the same highway, about 0.6 of a mile from the Berry location. Some witnesses who had testified in opposition to Berrys' original application

testified on February 10, 1969, for D&C. The sheriff stated then that he had adequate police protection for that area of the county. Also there was testimony that with "both places" the population would be served adequately. At their November 7, 1969, hearing counsel for Berrys asked the board to take notice of this record which was in its files and moved that it be made " * * * a part of the record on this hearing * * *." The attorney for the board stated that he had no objection.

Considering all of the evidence produced by Berrys, including that in the D&C record, we find sufficient proof of a change in conditions to support the action of the board.

The judgment is affirmed.

All concur.