**COMMERCIAL BANK OF WEST LIBERTY, Appellant,**

v.

**Lenvil R. HALL, Commissioner of Banking and Securities, et al., Appellees.**

**No. 73–168.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

William C. Clay, Jr., Clay, Marye & Cowden, Mount Sterling, for appellant.

William A. Young, Young & Williams, Frankfort, Alan B. Peck, White & Peck, Mount Sterling, for appellees Stacy, Adams, Black, Gullett and Gevedon.

Robert E. Hatton, Thomas C. Jacobs, Dept. of Banking and Securities, Frankfort, for appellee Lenvil R. Hall, Commissioner of Banking.

STEINFELD, Justice.

This is an appeal from a judgment of the Franklin Circuit Court holding valid an order of the Commissioner of Banking and Securities authorizing the incorporation of a bank. We affirm.

On May 20, 1972, Mr. Joe D. Stacy, the former president of appellant Commercial Bank of West Liberty, along with Messrs. Adams, Black, Gullett and Gevedon, filed an application with the Commissioner of Banking and Securities seeking permission to incorporate a bank to be known as Bank of the Mountains and to be located in West Liberty, Morgan County, Kentucky. KRS 287.050(1). The Commissioner, acting pursuant to that statute, then caused to be investigated " * * * the financial standing, moral character and capability of each of the * * *" applicants.

Although not required to do so by the statute, the Commissioner notified appellant of the application, whereupon appellant protested the application by letter dated June 19, 1972, and requested a hearing. On August 23, 1972, the Commissioner notified appellant that a hearing would be held on August 31, 1972.

At the hearing appellant claimed that public convenience and advantage would not be served by the opening of the proposed bank, but appellees asserted that competition from this new bank would be healthy for the community. Counsel for appellant cross-examined Mr. Stacy on banking matters, but Stacy was unable to satisfactorily answer many of the questions. They attempted to show that Stacy was incapable of heading a new bank, nevertheless the principal stockholders of appellant, Commercial Bank of West Liberty, had sought Stacy's return to it. He had been its chief executive officer for a number of years. Reports made by examiners in the employ of the Commissioner of Banking favorably showed the financial standing, the moral character and the capability of each of the prospective incorporators. Expert witnesses testified on the

subjects of deposit potential and the net operating loss a new bank could expect. After the conclusion of the hearing the Commissioner issued an order conditionally authorizing the incorporation of the new bank. KRS 287.050(2).

[redacted] Appellant argues that it was denied procedural due process in the conduct of the hearing. The Commissioner attached time limitations to the presentation and opposition to the application, which limitations applied equally to all parties. There were no objections made at the time the limitations were imposed or at the hearing, and there was no showing by appellant, by affidavit or otherwise, what evidence it would have submitted if a longer period of time had been granted. Administrative agencies must and do have the discretion to reasonably regulate the length of time afforded parties to present their evidence. Bernstein v. Board of Education of Prince George's County, 245 Md. 464, 226 A.2d 243 (1967). We find that appellant was given adequate opportunity to present its evidence and to challenge the applicants' evidence and that it waived its right to complain.

[redacted] The circuit court ruled that there had been no denial of due process by the Commissioner in determining "* * * that it is expedient and desirable to permit the proposed corporation to engage in business." 287.050(2). We find nothing to indicate that this ruling was erroneous.

[redacted] The central issue before us is whether there was substantial evidence to support the findings of the Commissioner, for if there was his action must be approved. Ni-Be, Inc. v. Moberly, Ky., 425 S.W.2d 567 (1968). The Commissioner is called upon to determine "whether there is a reasonable assurance of sufficient volume of business for the proposed corporation to be successful, and whether the public convenience and advantage will be promoted by the opening of the proposed corporation." KRS 287.050(1). Substantial evidence is defined in O'Nan v. Ecklar Moore Express, Inc., Ky., 339 S.W.2d 466 (1960), as being "evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." There was substantial evidence before the Commissioner to support his action.

"In determining whether the findings of the Commission challenged by plaintiff are arbitrary or capricious or unsupported by substantial evidence, the court is not free to substitute its judgment for that of the Commission as to the weight of the evidence or the inferences to be drawn from the evidence." Chesapeake & Ohio Railway Company v. United States, 298 F. Supp. 734 (D.C.1969). Also see National Labor Relations Board v. United Insurance Company of America, 390 U.S. 254, 88 S. Ct. 988, 19 L.Ed.2d 1083 (1968). "The usual rule that the factual finding of an administrative body is to be sustained if supported by substantial evidence applies." Com., Department of Highways v. Cardwell, Ky., 409 S.W.2d 304 (1966).

The judgment is affirmed.

All concur.