**BANK OF SHELBYVILLE, Shelbyville, Ky., et al., Appellants,**

v.

**PEOPLES BANK OF BAGDAD, Bagdad, Ky., et al., Appellees.**

Supreme Court of Kentucky.

May 20, 1977.

Joseph J. Leary, William M. Johnson, Frankfort, for appellants.

William A. Young, G. Lee Langston, Frankfort, for appellees.

Edward F. Prichard, Jr., Frankfort, Larry C. Allen, C. R. Luker, Jr., London, amicus curiae.

JONES, Justice.

This is an appeal from an order of the Franklin Circuit Court which affirmed an order of the Commissioner of Banking and Securities granting Peoples Bank of Bagdad a license for a branch bank under the provisions of KRS 287.180(2).

Citizens Union Bank of Shelbyville, Kentucky and the Bank of Shelbyville prosecute this appeal.

Citizens Union Bank and Bank of Shelbyville contend that the trial court erred grievously in holding the order of the Commissioner "neither arbitrary, capricious nor unreasonable. . . ." They take the position that the trial court was in serious error when he rejected their contention that the doctrine of res judicata applies to quasi judicial acts of the Commissioner of Banking and Securities. The Shelbyville banks also contend that the record fails to demon-

strate that the "public convenience and advantage" would be served by the granting of a branch banking license to the Peoples Bank of Bagdad. They contend also that they were denied a due process hearing before the Commissioner.

In order to place these issues in proper perspective it is necessary to relate some of the background of the events that led to this controversy.

Peoples Bank of Bagdad first made application to the Kentucky Department of Banking and Securities for authority to establish a branch bank in Shelby County on February 10, 1971. At that time the location of the proposed bank was approximately 2,000 ft. west of the city limits of Shelbyville.

On December 6, 1971, the then Commissioner (without a hearing) granted a branch bank license to Peoples Bank of Bagdad. The Shelbyville banks filed an action in the Franklin Cicruit Court in which they sought an evidentiary due process hearing. They also sought an injunction to restrain Peoples Bank of Bagdad from maintaining the branch bank and to require the Commissioner to set aside the authority issued by him on December 6, 1971. On April 13, 1972, the Franklin Circuit Court in a memo opinion directed that the order of the Commissioner was void for arbitrariness. The opinion also directed the Commissioner to entertain the application upon due notice and opportunity for hearing.

On July 10, 1972, another commissioner of banking and securities conducted a hearing.

On August 22, 1972, the then Commissioner entered findings of fact, conclusions of law and denied the application.

The findings of fact and conclusions of law purporting to support the order denying the application of the Peoples Bank were entered on August 22, 1972. Following the findings of fact the Commissioner arrived at certain conclusions of law. The only relevant conclusion was that in ascertaining whether the public convenience and advantage would be prompted by approval of the application of the Peoples

Bank the Commissioner was "not limited to inquiring solely into the question of whether the additional facilities would supply physical convenience to the public but may view and consider such factors as the effect such a branch would have upon the banking entities operating in the community." It is apparent that the Commissioner was of the opinion that in determining whether opening a branch bank would be granted or withheld he was entitled to weigh and consider the effect that the competition the facility would have upon existing banking institutions. That certainly is not the test. In a case before this court many years ago the banking commissioner had denied an application for a new bank charter primarily upon the ground that the new bank would have an adverse effect upon existing banking institutions in the same community. These reasons were set forth in his letter of denial. In reversing, this court said,

"It is not within the province of the banking commissioner to ascertain whether two banking institutions will prosper in a given town, nor whether the establishment of a new bank will prove detrimental to the one already there, but his discretion must be exercised only within the limits prescribed by the statute. . . . The statute does not contemplate the suppression of competing banks by the withholding of the approval of the commissioner to articles of incorporation merely upon the ground that the business may not prove profitable, or may be a detriment to a bank already established in a given community. . . . It has been and is the policy of this state to encourage the establishment of banks and other corporations even in competition to one another because out of a wholesome rivalry the general public derives a benefit. If the construction the commissioner places upon this statute can be maintained every established banking institution in the Commonwealth could defeat the organization of a second bank in its community for similar reasons, because it might well be argued in every such case that the establishment of a new

institution would take away part of the business of the old bank, and to that extent weaken it and reduce the profits arising from its established business. It may be said that one bank in any town or city is sufficient, because the whole population can there be served. This would likewise apply to every mercantile establishment as well as mills and other industrials, because a monopoly is always profitable to the holder of the exclusive privilege." *Speer v. Dossey*, 177 Ky. 761, 198 S.W. 19 (1917).

On December 12, 1972, after that order had become final, Peoples Bank of Bagdad filed a motion and notice (supported by affidavits) seeking "a new hearing" upon the application. That motion was overruled and the order of the Commissioner denying the application was entered on December 29, 1972.

On March 31, 1973, the Peoples Bank of Bagdad filed a new application. That application was for authority to establish a branch bank on the opposite side of U.S. Highway # 60 approximately ¼ mile east of the first proposed location and in a shopping center that had been constructed since the date of the first application and hearing.

■ It is true, as the banks of Shelbyville contend, that this court has held that res judicata has some application to administrative proceedings under certain circumstances. That is not so where significant change of conditions or circumstances occur between two successive administrative hearings. *Dink and Childers v. Palmer-Ball*, Ky., 479 S.W.2d 897 (1972).

■ The evidence presented in behalf of Peoples Bank of Bagdad reflected that substantial changes had taken place in and near where it sought authority to establish a branch bank since the earlier hearing. In very thorough and detailed findings of fact, the hearing officer listed the changed conditions, and the evidence in support of granting Peoples Bank of Bagdad authority to operate a branch bank. That branch bank would be located in the Village Plaza Shopping Center located at the corner of a proposed county road and U.S. Highway # 60. The evidence also revealed that numerous developments and improvements within the area would benefit substantially by the convenience and advantage of a new branch bank in the area.

■ This court finds no merit in the contention of the Shelbyville banks that they were denied procedural due process. Nor have they shown any prejudice by the later appearance of the "hearing officer" as one of the attorneys representing the Commissioner of Banking. The cases cited by the Shelbyville banks in support of that contention have no application to the facts in this case. In those cases, the same person was acting in a dual capacity, as advocate, or prosecutor and decision maker at the time and during the course of the hearing. Such was not the case here.

■ There is overwhelming evidence to sustain the action of the banking commissioner in granting Peoples Bank of Bagdad authority to establish a branch bank in Shelbyville. See *Commercial Bank of West Liberty v. Hall*, Ky., 500 S.W.2d 77 (1973). Therefore, the judgment of the trial court sustaining the factual findings of the Banking Commissioner is correct.

The judgment is affirmed.

All concur.