John L. WILLIAMS, Commissioner, Department of Banking & Securities, et al., Appellants,

v.

CUMBERLAND VALLEY NATIONAL BANK, London, Kentucky, et al., Appellees.

James E. BROCK et al., Appellants,

v.

CUMBERLAND VALLEY NATIONAL BANK, London, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Aug. 11, 1978.

Bert T. Combs, Tarrant, Combs & Bullitt, Louisville, Robert E. Rawlins, Lexington, G. Lee Langston, Peter R. Held, Frankfort, Edwin F. Schaeffer, Jr., Kincaid, Wilson, Schaeffer & Hembree, Lexington, for appellants.

Edward F. Prichard, Jr., William L. Graham, Frankfort, Larry C. Allen, C. R. Luker, Luker, Luker & Roberts, London, for appellees.

Before MARTIN, Chief Judge, and COOPER and HOWARD, JJ.

MARTIN, Chief Judge.

This is a consolidated appeal from a Franklin Circuit Court judgment denying the issuance of a bank charter to the London Bank and Trust Company. That judgment was entered on August 14, 1975, and provided:

> The order entered by the defendant Sallee on May 20, 1975, purporting to issue a bank charter, or to approve the articles of incorporation, or to issue, a certificate of authority to the other defendants in this action—to-wit, James E. Brock, Luke Keith, Jr., Charles F. Young, James A. Lewis, James C. Philpot, Don Young and Paul R. Smith, to engage in general banking business at London, Kentucky, is null, void and of no effect and is hereby set aside, reversed and held for naught and the defendants have no legal right or authority to engage in the operation of a bank thereunder.

During oral argument counsel for both appellants and appellees acknowledged that the Commissioner of Banking had in fact issued a charter and that the bank was presently operating in London, Kentucky.

These proceedings began on May 5, 1972, when six businessmen from London and one from Lexington filed an application pursuant to KRS 287.050 with the Department of Banking and Securities for approval of a new bank ("The London Bank"). The Second National Bank of London (since renamed the Cumberland Valley National Bank) protested the application. After a hearing on October 3, the Commissioner of Banking entered findings of fact, conclusions of law, and an order denying the application.

On August 3, 1973, six of the same individuals plus another businessman from London filed a new application to form a bank to be named "The London Bank and Trust Company." The appellees, both of which are local banks, protested, and the Department held a hearing on December 14. On March 19, 1974, the Department's hearing officer rendered a report favorable to the applicants. On the following day, Mr. Sallee, the new Commissioner, entered an order approving the application. The protestants then filed an appeal with the Franklin Circuit Court. Apparently, the charter was issued without the court's knowledge, and the bank began operations on June 3 while the court was considering the case. This appeal followed the circuit court's reversal of the Commissioner's decision.

The issue before this court is whether the Franklin Circuit Court was correct in its determination that Commissioner Sallee acted contrary to his statutory responsibility under KRS 287.050 in recommending that a charter be issued. The circuit court held that the Commissioner violated KRS 287.050 because a similar application had been made and denied by a previous banking commissioner, and the hearing on the second application was not confined to the issue of changed conditions. The circuit court also reasoned that the applicants' proof at the second hearing was substantially the same as at the first. The court found further error in that both the hearing examiner and the Commissioner did not address the issue of changed conditions in their decisions.

Any question concerning the validity of a bank charter is influenced by the decision of the Kentucky Supreme Court in *Bank of Shelbyville v. Peoples Bank of Bagdad*, Ky., 551 S.W.2d 234 (1977). A further problem is whether a different standard applies to original bank charters under KRS 287.050 compared with licenses for branch banks under KRS 287.180(2). The *Bank of Shelbyville* case was a branch bank case, yet the court used an original bank charter case to support its holding. Therefore, we must conclude that the Commissioner's duties under the statutes are the same.

Though the court in the *Bank of Shelbyville* case recognized the bearing of the

doctrine of res judicata on the administrative process of issuing bank charters, it determined that the doctrine's application was inappropriate in that case. Citing *Dink and Childers v. Palmer-Ball*, Ky., 479 S.W.2d 897 (1972), the court ruled that the doctrine will not be applied "where substantial change of conditions or circumstances occur between two successive administrative hearings."

Also in the present case, we are again faced with the responsibilities of the circuit court in the review of administrative agency decisions. As held in *American Beauty Homes Corp. v. Louisville and Jefferson County Planning & Zoning Com.*, Ky., 379 S.W.2d 450 (1964), judicial review of administrative action should insure that the agency has not acted arbitrarily. The court further held that a lack of substantial evidence to support a decision was an arbitrary decision which warranted setting aside the agency's decision. Therefore, it falls to the courts to determine if the agency had substantial evidence before it. Future applications for banking permits will be reviewed under this provision by the terms of KRS 287.062(4) (1976). This statute further provides by the exception to paragraph (3) that, in the future, upon the filing of a petition for review, the Commissioner shall not issue a bank charter or a branch bank charter until the review of the Commission's decision has been completed by the courts. The only orders that may be issued during the pendency of an appeal are those authorized by KRS 287.180 or 287.185, unless the court to which a review has been taken orders otherwise.

We believe that the following definition of substantial evidence sets a standard for judicial review under KRS 287.062. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298 (1972), provides at p. 308:

> The test of substantiality of evidence is whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men.

We further agree with the holding in *Bank of Shelbyville v. Peoples Bank of Bagdad, supra*, that repeated hearings before administrative agencies, brought about by changing commissions, were not intended by the legislative direction to the Commissioner of Banking. The denial of an application for a bank or a branch thereof shall operate as res judicata. An exception will be allowed only upon a showing of significant change of conditions or circumstances.

The trial court found, and we agree, that the proceedings before the Commissioner of Banking did not establish that there was a significant change of condition or circumstances between the hearings held in October, 1972 and December, 1973. The proof at the second hearing was basically the same as that produced at the first. There was no significant nor substantial difference shown. Unfortunately, the period of time from the 1972 application until this case was heard on appeal has been substantial.

Because of this long passage of time, we have no alternative but to reverse the judgment of the Franklin Circuit Court and return the case for determination of whether remedial action should be taken because of the issuance of the bank charter prior to the completion of this litigation. It is further directed that the Franklin Circuit Court should remand the proceedings to the Commissioner of Banking for a factual determination of whether there has been a significant change of conditions or circumstances since December, 1973, to warrant the issuance of a charter. This hearing shall be conducted in an open public forum giving all proponents and protestants equal opportunity to present their position. At the hearing the financial resources of the proposed incorporators shall be disclosed to all interested parties. To suggest that the Commissioner of Banking not disclose the financial resources of the proposed investors is an unjustified invasion of the judicial function, which is not warranted by the legislative directive to the Commissioner.

ALL CONCUR.